## Austin *et al. v.* Bainter.

(January Term, 1866.)

1. Plea of matter of fact *waives the right to join in error.* Should a defendant plead a release of errors, and be unable to sustain his plea, he will not afterward be allowed to join in error.

2. Trial of issue of fact. An issue of fact upon a plea of release of errors cannot be tried in the Supreme Court except by consent of parties.

3. And even if there be such consent, this court will not hear oral testimony, but will only try the issue upon evidence in writing.

4. Should there be no consent, or if the evidence is not to be presented in writing, the court will direct the issue to be sent to the court from which the cause was brought, to be there tried by a jury, and their finding to be certified to this court.

5. Evidence—*of parol and record evidence on an issue on plea of release of errors.* On an issue upon a plea of release of errors, alleging that the decree was entered in the court below by consent of parties, a mere naked consent that the decree should be rendered in a particular manner can only be shown by the decree itself, in bar of a writ of error.

6. But acts *in pais,* occurring either before or after the rendition of the decree to reverse which the writ of error was sued out, which would make it fraudulent in either party to seek a reversal of the decree, may be pleaded in bar of the writ.

7. *If a valuable consideration moved from the defendant in error to the plaintiff in error, as an inducement to the latter to consent to the decree sought to be reversed, and if, upon such consideration, the plaintiff in error did consent, these facts may be shown, independently of the decree, in bar of the writ.*

Writ of Error to the Circuit Court of Hancock county.

Mr. Jackson Grimshaw, for the defendant in error, asked the court if he should file a plea of release of errors, and be

unable to sustain the plea, whether he would then be allowed to join in error.

Per CURIAM: The assignment of errors is a declaration, and the joinder in error is a demurrer thereto; no rule of pleading allows a demurrer after pleading a matter of fact.

Mr. GRIMSHAW then asked how an issue of fact formed upon a plea of release of errors, would be tried.

Per CURIAM: The issue of fact cannot be tried in this court except by consent. Should the parties consent, we will try the issue upon evidence in writing, but we will not hear oral testimony. Should the parties not consent to have the issue tried by this court, or, if the evidence is not to be presented in writing, we will direct the issue to be sent to the Circuit Court to which this writ of error was sued out, to be there tried by a jury, and their finding certified to this court.

Subsequently, the defendant in error filed pleas one and two, as follows:

1. Defendant in error, by his attorneys, GRIMSHAW & WILLIAMS, says, as to all the said errors assigned by said plaintiffs, except the error number six, that plaintiffs in error their writ of error to maintain ought not, because he says that the errors in said record apparent, if any (except said sixth assignment), heretofore, to wit, on the 15th day of March, A. D. 1862, at, to wit, Hancock county aforesaid, to wit, in said second grand division of Illinois, were by the parties released and for naught held, and this he is ready to verify, etc. And as to said sixth assignment there is no error.

Wherefore defendant prays that said decree be in all respects affirmed, etc.

2. And for further plea in this behalf said defendant in error says that plaintiffs in error their said writ of error to maintain ought not, because he says that the decree in said cause upon which said supposed errors are assigned, except assignment number six, and said writ issued, heretofore, to wit, on March 15, 1862, to wit, at Hancock county aforesaid, and within said

second grand division, was then and there rendered and entered by the Circuit Court of Hancock county, Illinois, in said cause by consent of parties and for a valuable consideration then and there received by plaintiffs in error, in the form and shape in which it appears in the record in this cause, and this he is ready to verify, etc. And as to said sixth assignment there is joinder in error, etc.

Wherefore defendant prays that said record be in all respects affirmed.

To these pleas a demurrer was interposed, in support of which Messrs. SKINNER & MARSH, for the plaintiffs in error, took the objections, that the first plea alleges a special manner of release, " by agreement of parties." The question to be presented by the pleadings, is, release or no release, not an agreement which may or may not be a release. The only good plea is one that alleges that the plaintiffs in error did *release* the errors in the record, or that pleads the deed out of which, as matter of law, the release arises; then the execution of the deed, or the alleged release, may be directly traversed; second, the plea should be certain, and should not contradict the record. The decree, by the record, appears to have been rendered on the 15th day of March, 1862. The plea alleges the " agreement " to have been made on that day, and does not allege that it was made *after* the decree was rendered. It may have been made *before* the decree, and before any errors intervened; third, the plea contains a joinder in error to the sixth assignment, and presents for trial by jury, the question whether that error is well assigned. The same objections were taken to the second plea; and, fourth, the second plea contradicts the record, in alleging the decree was entered by consent, when the decree itself shows it was rendered on a hearing upon pleadings and proofs. Counsel also insisted that two pleas of release of errors should not be allowed, and defendant should be required to elect.

Messrs. GRIMSHAW & WILLIAMS, contra, contended the first plea is a sufficiently technical plea of release of errors; and

the second plea is the plea of decree by consent indicated in *Turner* v. *Berry*, 3 Gilm. 546.

Subsequently, the defendant in error took leave to file the following amended pleas:

1. Defendant in error says as to all the errors assigned by said plaintiffs (except the error No. 6, on which there is joinder) their writ of error to maintain they ought not, because he says that the errors in said record apparent, if any (except said sixth assignment), heretofore, to wit, on the 15th day of March, A. D. 1862, at, to wit, Hancock county aforesaid, to wit, in said second grand division of Illinois, were by the parties released and for naught held, and this he is ready to verify, etc. Wherefore, defendant prays that said decree be affirmed, etc.

2. And for further plea, by leave, etc., defendant in error says that plaintiffs in error their writ of error to maintain ought not, because, he says that the decree in said cause upon which said supposed errors are assigned (except the sixth, in which there is joinder), and upon which said writ of error issued, heretofore, to wit, on the 15th of March, A. D. 1862, to wit, at Hancock county, Illinois, and in said second grand division of Illinois, was then and there, for a valuable consideration, received and accepted by said plaintiffs in error, rendered and entered by said Circuit Court of Hancock County, Illinois, in said cause, by consent of the parties to said suit, and to this present suit in error, in the form and shape in which it now appears in the record in this cause, and that said plaintiffs in error have fully received the benefit of the consideration for the consent on their part to the entering of the decree aforesaid, and consented in consideration thereof to waive all errors in this case — and this defendant is ready to verify — wherefore, etc.

To the first amended plea a replication was filed, traversing the allegation as to a release of errors, and issue was joined thereon. To the second amended plea the plaintiffs in error demurred, upon these grounds:

*First.* That the plea contradicts the record in alleging the decree was entered by consent, when the decree itself shows it was rendered upon a hearing on the pleadings and proofs.

*Second.* That it does not plead facts, but argumentative conclusions.

Messrs. GRIMSHAW & WILLIAMS, in support of the second amended plea, cited *Smucker* v. *Hatfield*, 21 Ill. 267; 2 Tidd's Prac. 117; *Penn* v. *Hersey*, 19 Ill. 296.

The court, in overruling the demurrer to the second amended plea, said: The court are of opinion that a mere naked consent in the Circuit Court, that a decree shall be rendered in a particular manner can only be shown by the decree itself, in bar of a writ of error. But they are further of opinion that acts *in pais*, occurring either before or after the rendition of the decree, which would make it fraudulent in either party to seek a reversal of the decree may be pleaded in bar of the writ. In the case at bar, if a valuable consideration moved from the defendant in error to the plaintiff in error, as an inducement to the latter to consent to the decree in question, and if, upon such consideration, the plaintiff in error did consent, — these facts may be shown, independently of the decree, in bar of the writ. The evidence, however, must be clear; and this court, while it sends the issue to Hancock county for trial, will direct the evidence to be preserved in the record and certified to this court, with leave to either party to move, in this court, to set aside the verdict, if not sustained by the evidence.

Thereupon, the plaintiff in error replied to the second amended plea, traversing the allegations therein, and issue was joined.