DAVID H. THORNTON *et al.*

*v.*

WILLIAM G. HOUTZE *et al.*

1. JUDICIAL SALE—*estoppel to question, by payment of proceeds to trustee.* On bill to set aside a sale of land by an administrator under a decree of court, on the ground the same was bought for the administrator, and for other relief against the administrator, a trustee of the heirs and devisees of the deceased was appointed, to whom the administrator, under the order of the court, paid over all the moneys found to be in his hands, including the purchase money of the land sold, such trustee being the attorney for a part of the heirs and devisees, and he paid several of the heirs and devisees a part of their distributive shares, but always kept in his hands more than each one's share of the purchase money of the land as to which the sale was sought to be set aside: *Held*, that the payment of the price of such land by the administrator to the trustee, under the order of the court, did not estop the heirs and devisees from

Syllabus.

assigning for error, in this court, the decree of the court below refusing to set aside the sale made by the administrator.

2. Estoppel—*to question decree under which money is paid.* Where money is paid to an attorney of some of the parties to a suit, under an order of court appointing him a trustee for those entitled to it, to be distributed under the direction of the court, such trustee will hold the same not as an attorney, but as an officer of the court, and such payment to him, if not ratified by those in · interest, will not estop them from assigning error on the decree of the court dismissing the bill, so far as the bill seeks to avoid a sale out of which a part of the money was realized.

3. Practice in Supreme Court—*judgment on plea to assignment of errors.* Where a party pleads in bar to an assignment of errors a state of facts which estops the other party from making the assignment, and issues of fact are formed upon replications to such plea, which are found against the party so pleading in bar, the decree below, upon which the errors are assigned, must be reversed.

4. Such a plea amounts to a confession of error, and admits cause of reversal, unless the facts alleged in avoidance of the error are found in the pleader's favor, and if they are found against him, he can not urge, as an objection, that the bill in the case below was multifarious, or insist upon *laches* in the adverse party.

5. Practice—*time for urging objection to bill for multifariousness.* The objection that a bill in chancery is multifarious, comes too late when urged in an amended answer for the first time, which is filed on the first day of the hearing.

6. Partition—*sufficiency of petition, collaterally.* A petition for partition against a brother of the former owner, such former having died, and the unknown heirs, etc., is defective, if it does not allege that the petitioner knows of no sister or brother of the deceased except the one named. But the defect does not go to the jurisdiction, as it might be cured by amendment, and therefore can not be taken advantage of in a collateral proceeding.

7. Same—*jurisdiction of unknown parties.* To give the court jurisdiction over the persons of unknown parties, it is sufficient that it be made to appear there are unknown parties, and the notice required by the statute has been published as to them.

8. In a collateral proceeding, the court should indulge the presumption, until rebutted, that those named as parties are the only parties known to the petitioner. If other parties are known to the petitioner whose names are not included in the proceeding, this may furnish a reason why such parties should not be bound by the decree.

Writ of Error to the Circuit Court of La Salle county; the Hon. Edwin S. Leland, Judge, presiding.

David H. Thornton and others filed their amended bill in chancery in the court below against William G. Houtze, Admr., and Sarah W. Thornton, widow of Hiram Thornton, deceased, William Wenner, William F. Cook, Theodore Hochstatter, and certain other parties who are claimed to be heirs at law of Hiram Thornton, deceased, alleging that the complainants are of kin to Hiram Thornton, who died testate January 31, 1866, leaving a widow (Sarah W. Thornton) but no child or children, nor descendants of a child or children, nor parent or parents; that his will was probated February 5, 1866, in the proper court, and William G. Houtze appointed administrator, with the will annexed, who, upon the same day, filed his official bond, with William Wenner, his brother-in-law, as his surety, and thereupon entered upon the discharge of his duties. A copy of the will is made part of the bill, as an exhibit.

The bill further alleges, that the entire personal estate accounted for by Houtze amounts to about $15,000; that the chattel property was appraised at $478, and the widow's award at $1910, though she was the only member of the testator's family, and that she took all said chattel property and all the property devised to her by the will.

It is, also, further alleged in the bill, that besides three lots in Mendota, two lots and two parts of lots in Homer, and five acres in section 13, Hiram Thornton, at his death, owned in fee simple the west half south-west quarter section 5, township 35, range 1; the south-east quarter of section 6, township 35, range 1; the north half north-east quarter section 7, township 35, range 1; and that portion of the east half south-west quarter section 5, township 35, range 1, lying north of the Chicago, Burlington and Quincy railroad,—which said land constituted the farm of said Hiram Thornton, and was the only farm or farm land owned by him in "Troy Grove" at the time of his death, and is the farm designated by him in his will as "my farm in the town of Troy Grove;" and said farm is misdescribed in said will in part, the north half sec-

tion 8 and the east half south-west quarter section 5 (except five acres) never having been owned by said Hiram Thornton; that said Sarah W. Thornton, for the purpose of defrauding the devisees of Hiram Thornton, on April 5, 1867, filed her petition for partition in the circuit court of La Salle county against William G. Houtze, as administrator, etc., Jesse Q. Thornton, and the unknown heirs of Hiram Thornton, deceased, alleging that said west half south-west quarter section 5, and north half north-east quarter section 7, was intestate, and praying for partition thereof, which was subsequently decreed, and the west half south-west quarter section 5 assigned to her in fee simple, and the east twenty-one acres of the west half north-east quarter section 7 as dower; and that said Sarah W. Thornton conveyed said west half south-west quarter section 5, by warranty deed, to Almeron Nelson, who conveyed, by quitclaim deed, to William F. Cook, and Cook conveyed, by warranty deed, to Theodore Hochstatter, who now claims title to the same.

It is further alleged in the bill, that said land was testate, and devised to the brothers and sisters (or their heirs) of said Hiram Thornton; that said decree for partition was obtained by fraud and collusion between said Sarah W. Thornton and said William G. Houtze, who both knew the land was testate, and also knew the names and whereabouts of these complainants and other devisees of said Hiram Thornton; that some of the devisees were made parties as the unknown heirs of Hiram Thornton, deceased, for the purpose of preventing them from acquiring a knowledge of the pendency of said suit. Complainants David H. Thornton and Mary King Hunter allege that they are, the former a brother and the latter a sister of Hiram Thornton, deceased, and that they were not parties to that suit, and not within the jurisdiction of the court; that the court, in said proceeding, did not acquire jurisdiction of the person of any of the devisees of Hiram Thornton, deceased.

It is further alleged in the bill, that at the March term,

1866, of the county court of LaSalle county, said William G. Houtze exhibited his bill of complaint against the unknown heirs and unknown devisees of Hiram Thornton, deceased, praying for power to sell certain real estate therein described, according to the directions in his will,—which proceedings are made a part of the bill, as an exhibit,—and it is thereby shown that the court, on the 9th of June, 1866, pursuant to the prayer of said bill, decreed that the said William G. Houtze be appointed trustee to sell and convey the real estate in the bill described; that he afterwards sold and conveyed said real estate to William Wenner, and the bill charges that said William Wenner is a brother-in-law of said Houtze; that he was simply a nominal purchaser; that the purchase was made for the benefit of said Houtze, and for a grossly inadequate price; that said Houtze claims to have paid $7100 to Jesse Q. Thornton, and the heirs of John Thornton, deceased, in the estate of Hiram Thornton, deceased, but that if such payment was so made it was made without the order of said county court, and that said Houtze refuses to account to the devisees of Hiram Thornton, deceased, for the money so paid; that he has endeavored to settle with the complainants and other legatees, and, as an inducement thereto, has represented that he had knowledge of assets and property belonging to said deceased in Iowa and Illinois, which he would disclose to them if they would settle with him on such terms as he desired; that complainants had been induced not to prosecute their claims under said will before the commencement of this suit, by the misrepresentations of said Houtze, and by his promises to aid them if they did not, and his threats to injure their interests if they did prosecute suit against him; that said Hiram Thornton had twelve brothers and sisters, whose names, and those of their descendants who are dead, are then given.

The prayer of the bill is, that the assets of the estate may be marshalled and distributed; that the sale of the south-east quarter of section 6, township 35, range 1, to William Wenner, may be set aside, and an account taken of the rents and

profits thereof; that said proceedings in partition may be declared null and void, and an account of the rents and profits taken, and all of said land constituting said farm in the town of "Troy Grove" sold; that said Houtze render an account of all his actings and doings, and that he be removed. Prayer, also, for general relief.

William Wenner answered, admitting death of Hiram Thornton testate, as charged; that he left the widow him surviving, and was seized and possessed of the property, as charged in the bill; also admitting the proceedings set out in the exhibit, and the purchase by himself of the land, as charged in the bill, but denying that he purchased in any other manner save as a fair and honorable purchaser, for himself; that he had any knowledge of any unfair or improper practices, and neither admitting nor denying that Thornton left surviving him the heirs at law charged in the bill; alleging and charging that the county court, in the proceedings set out in exhibit "C," had jurisdiction of the subject matter, and of the heirs and devisees of Hiram Thornton, deceased; that more than five years have elapsed since said proceedings, and no writ of error has been prosecuted, and craving leave to have the same benefit of lapse of time as if he had pleaded the same.

This answer was re-filed as an answer to the amended bill, with an addition in the nature of a demurrer, specifying as the ground thereof that the bill is multifarious; that if complainants are entitled to any relief, their remedy is full and adequate at law, and that complainants have been guilty of gross *laches* in prosecuting their bill.

Sarah W. Thornton, in her answer, admits the death of Hiram Thornton, January 31, 1866, leaving no children, etc., but leaving her as his widow; that he left a last will, etc., and that Wm. G. Houtze was appointed administrator; admits that she received all the money awarded to her by the appraisers, and that she did not renounce the benefits of the devises or bequests made her in said will; she admits that said Hiram Thornton died seized of the land mentioned in the complainants' bill in

secs. 5, 6 and 7, in township 35, range 1, and that said land constituted all of the prairie or farm land owned by said Hiram Thornton at the time of his decease; admits the filing of the petition for partition and the proceedings set out in the exhibit, but denies that there was any fraud or collusion; she denies that she, in any manner, assisted Jesse Q. Thornton to cheat the other devisees under the will, and she wholly denies the statements of the bill relative to the residuary legatees of Hiram Thornton; she alleges that the circuit court, in the proceedings set out in the exhibit, had jurisdiction of the subject matter and of all persons interested in the estate of Hiram Thornton, deceased; that no appeal or writ of error was prosecuted thereon, nor any bill of review filed, nor any proceedings instituted to have said decree set aside or reversed; and that more than five years elapsed before the commencement of this suit, and she craves leave to have the same benefit from the lapse of time as aforesaid as if she had pleaded the same. She concludes by a clause demurring to the bill for multifariousness. ·

The answers of William F. Cook and Theodore Hochstatter admit death of Thornton, probate of will and appointment of defendant, Houtze, as administrator, etc., as alleged in the bill; admit that Thornton died seized in fee simple, etc., of land; admit filing petition for partition and proceedings set out in exhibit B, but deny all fraud and insist that the proceedings were in conformity with the course and practice of this court and the laws of this State; allege they were purchasers of west· half south-west quarter of section 5, township 35, range 1, in good faith and for a valuable consideration without notice; allege that the circuit court in the proceedings set out in exhibit C had jurisdiction of the subject matter and of all persons interested in the estate of Hiram Thornton, deceased; that no appeal had been taken or writ of error prosecuted, or bill of review filed, etc.; that more than five years had elapsed before the commencement of this suit; and they ask to have the same benefit from the lapse of time as if they had pleaded the same.

W. G. Houtze admits death of Thornton, probate of will, and his appointment as administrator ; admits Thornton's seizin of the land and that said tracts constituted all the farm land owned by said Thornton at the time of his decease in the township of Troy Grove, but denies that it was occupied or improved as one farm or that the same was known or called "the farm of Hiram Thornton," etc., in his lifetime; admits proceedings set out in "exhibit B," but denies all fraud and collusion with respect thereto, and alleges entire good faith; denies that William Wenner was only a nominal purchaser, or that there was any fraud or unfair practices of any kind in said sale ; sets forth the proceedings of the county court in the matter of the estate of Hiram Thornton, deceased, for final settlement, in which the court finds a balance of cash in his hands of $7101.89, and notes and mortgages on sale of land amounting to $3064, and makes order for distribution which is recited ; alleges that Jesse Quinn Thornton came to him in October, 1868, representing himself to be the only survivor of the brothers and sisters of Hiram Thornton, deceased, and that he had powers of attorney from the children of John Thornton, deceased, who was the only one of the brothers and sisters of said Hiram Thornton, deceased, who left descendants; that he went before the county court with said Jesse Quinn Thornton ; that the court ordered him to pay the money in his hands to Jesse Q. Thornton, taking his receipt therefor, which he did ; that payment was made in the utmost good faith ; that at the time of the commencement of the proceedings, etc., he did not know the names of any of the heirs of said Hiram Thornton, deceased, and that said Hiram Thornton had been in the habit of stating to persons that he had no relative in the world except a brother who resided in the State of Oregon; that the county court, at the time of making the report for final settlement, had exclusive jurisdiction of the settlement of estates, and claims benefit of the adjudication of the county court on final settlement; alleges want

of equity in complainants' bill, multifariousness and *laches,* and claims the benefit of the Statute of Limitations.

The cause was heard on bill, answers, etc., and proofs.

The court, thereupon, finds that the sale of the south-east quarter of section 6, and the five acre tract in the east half of south-west quarter of section 5, township 35, range 1, by Houtze to Wenner, was *bona fide,* and decrees that the bill be dismissed as to Wenner.

It also finds and sets out the names of those entitled as legatees, under the will of Hiram Thornton, deceased, to share in the distribution of his estate, and decrees payment of residuum to them, etc.

The decree directs that William G. Houtze pay to the trustee therein named the sum of $8410.26, being the amount of funds belonging to the estate found to be in his hands after deducting the distributive shares theretofore paid by him to Jesse Q. Thornton and the heirs at law of John Thornton, deceased. And Houtze is directed to take the trustee's receipt therefor, which receipt, it is decreed, shall " be and operate as a full discharge of said William G. Houtze from all further liability as administrator, with the will annexed, of the estate of Hiram Thornton, deceased, and also from all further liability as trustee for the sale of said before mentioned real estate by virtue of his appointment as such trustee," etc.

The decree appoints Hiram T. Gilbert trustee to receive said money from said William G. Houtze, and to receipt therefor, and distribute the same to the persons thereby adjudged to be entitled, and the decree invests the trustee "with full power and authority to receive and collect, by suit or otherwise, all money due and owing to said estate of Hiram Thornton, deceased." He is directed to sell the land unsold, pay all costs of this suit, and all expenses incurred by him, etc., and he is to have execution against Houtze for balance in his hands, etc.

The decree finds that the defendant, Sarah W. Thornton, obtained color of title to the west half south-west quarter section

5, township 35, range 1, by virtue of the partition proceedings in complainants' bill mentioned, brought by her against William G. Houtze, administrator with the will annexed of Hiram Thornton, deceased, Jesse Q. Thornton, and the unknown heirs of Hiram Thornton, deceased, and the decree rendered in that cause; that the court in said partition proceedings had jurisdiction of the persons of the parties thereto, and that however erroneous the finding and decree of the court therein may have been, the court can not in this proceeding disturb the same or grant relief therefrom. Wherefore it is decreed that the complainants' bill be dismissed without prejudice to the defendant, Sarah W. Thornton.

The decree also finds that William F. Cook acquired title to the west half south-west quarter section 5, township 35, range 1, in good faith and for a valuable consideration by *mesne* conveyances through said defendant Sarah W. Thornton, and that said defendant Theodore Hochstatter acquired title to said premises *bona fide* and for a valuable consideration, etc.; and it is therefore decreed that the bill be dismissed as to the defendants William F. Cook and Theodore Hochstatter.

The errors assigned are:

" 1. The court erred in dismissing the bill as to the defendant William Wenner.

" 2. The court erred in dismissing the bill as to the defendant Sarah W. Thornton.

" 3. The court erred in dismissing the bill as to the defendants William F. Cook and Theodore Hochstatter.

" 4. The court erred in denying the relief prayed for in the complainants' bill against said defendants William Wenner, Sarah W. Thornton, William F. Cook and Theodore Hochstatter."

And the defendants in error, claiming to be heirs at law of Hiram Thornton, deceased, assigned the following errors:

" 1. The court below erred in decreeing that the sale of the south-east quarter section 6, township 35, range 1 east of

the third principal meridian, and that portion of the east half of the south-west quarter section 5, in the same township and range, lying north of the Chicago, Burlington and Quincy railroad, by William G. Houtze to William Wenner, was *bona fide,* and that said William Wenner now lawfully owns the same, and in not setting aside the said sale of said premises made by said William G. Houtze and ordering a re-sale of said premises.

"2. The court erred in decreeing that the defendant in error Theodore Hochstatter now lawfully owns the west half of the south-west quarter of section 5, in township 35, range 1 east of the third principal meridian.

"3. The court erred in marshalling the assets of said estate of Hiram Thornton, deceased, by not including therein the said south-east quarter of said section 6, township 35, range 1 east of the third principal meridian, and directing their conversion into money and the distribution thereof to the devisees of said Hiram Thornton, deceased."

Afterwards, on motion in this court, the writ of error was dismissed as to the defendant in error Houtze.

The defendant in error William Wenner filed the following plea in this court, to wit:

STATE OF ILLINOIS, \
*Supreme Court,* } ss.   Northern Grand Division, September Term, A. D. 1877.

*David H. Thornton et al.* v. *William G. Houtze et al.*

And now comes William Wenner, one of the defendants in the above entitled cause, by E. F. Bull, his attorney, and defends, and as to the errors assigned by said David H. Thornton, and others, plaintiffs in error in said cause, and the said Louisa Stallard, and others, the defendants in error in said cause, assigning cross-errors, says that the said plaintiffs in error ought not to prosecute their said writ of error against him, and the said defendants in error ought not to assign their said errors against this defendant, because, he says, that the said plaintiffs in error and the above named defendants in

error are heirs at law and devisees of Hiram Thornton, late of La Salle county, in the State of Illinois, now deceased; that said Hiram Thornton departed this life leaving a last will and testament, as in the bill of complaint set out in the record herein is alleged; that this defendant's co-defendant, William G. Houtze, was, by the probate court of La Salle county, duly and legally appointed administrator of the estate of Hiram Thornton, deceased, with the will annexed; that said Houtze entered upon the discharge of his duties as such administrator in the manner set forth in the said bill of complaint, and under and by virtue of a decree of the county court of said La Salle county, rendered at the March term thereof, for the year A. D. 1866, the said Houtze sold to this defendant, on the first day of December, A. D. 1866, the south-east quarter of section number six (6), in township number thirty-five (35) north, range one (1) east of the third (3d) principal meridian, in the said county of La Salle, for the sum of four thousand five hundred and eighty-five (4585) dollars, which was duly paid by this defendant to said Houtze; that said sale was by said Houtze reported to the said county court and confirmed by said court on, to-wit: the first day of December, A. D. 1866, and before the said bill of complaint was exhibited in this cause; that the money thus paid by this defendant to said Houtze was accounted for by said Houtze to the probate court of La Salle county as assets belonging to the estate of said Hiram Thornton, deceased. This defendant further avers, that the money so paid by him, as aforesaid, to the said Houtze for the purchase of said premises was included in and con- stituted the larger portion of the money which the said Houtze was required by the decree in this case to pay over to the said plaintiffs in error and to the above named defendants in error, as devisees and heirs at law of Hiram Thornton, deceased.

This defendant further avers, that said defendant Houtze, since the rendition of the decree in this case in the court below, that is to say, on, to wit: the twenty-second (22d) day of March, A. D. 1877, in pursuance of the terms of the said

decree, paid to the said plaintiffs in error and the above named defendants in error, as heirs and devisees of Hiram Thornton, deceased, a large sum of money, to-wit: the sum of eight thousand four hundred and ten dollars and twenty-six cents, being the full amount of the money ordered by the decree rendered in this cause to be paid by said Houtze, and that said plaintiffs in error and the above named defendants in error received the money so paid by the said Houtze, on, to-wit: the day and year last aforesaid, and at the time of so receiving said money gave and executed to the said Houtze a release of all liability to them on account of any of said moneys, and also executed and delivered to him a release of all errors in said cause.

And this defendant further avers, that four thousand five hundred and eighty-five dollars of the money so paid by said Houtze to the said plaintiffs in error, and to the above named defendants in error, was derived by the said Houtze from this defendant for the purchase money of said premises, and was paid by this defendant to said Houtze in consideration of the conveyance of the premises above described by the said Houtze, as administrator as aforesaid, to this defendant under and in pursuance of the aforesaid decree of the county court of La Salle county, of all of which said plaintiffs in error and the above named defendants in error had notice, and that said plaintiffs in error and the above named defendants in error, with full knowledge of the facts herein above alleged and set forth, have received and accepted the money so paid as aforesaid by this defendant to said Houtze, and so as aforesaid by the said Houtze paid to the said plaintiffs in error and the above named defendants in error.

This defendant further avers, that the said plaintiffs in error and the above named defendants in error, by virtue of the premises, are estopped and barred from setting up or alleging any error in said sale to this defendant, or from setting up or alleging any error in the refusal of the circuit court of La Salle county to set aside or interfere with the sale so made, as aforesaid, to this defendant, and that they are, and ought to be,

barred from further prosecuting the said writ of error against this defendant.

This defendant further avers, that he has no interest in any of the matters or things set forth in the bill of complaint in this cause or in controversy in this suit, except as purchaser of the premises above described, and in the manner above set forth.

And all this the said defendant is ready to verify, wherefore he prays judgment of the said writ of error, and of the said cross-errors so assigned by the above named defendants in error, and that this suit as to him may be dismissed, etc.

The following are the 1st, 4th and 7th replications to this plea:

1st. And now comes the said plaintiffs in error, by Chas. Blanchard and C. H. Brush, their attorneys, and say that they ought not to be precluded from prosecuting their said writ of error against said defendant William Wenner, because they say that the said defendant Wenner never paid to said Wm. G. Houtze the said sum of $4585 upon the sale by said Wm. G. Houtze to him of the south-east quarter of section 6, in township 35 north, range 1 east of third principal meridian, in said county of La Salle, or any sum whatever, in manner and form as in the plea of said Wenner herein is alleged. Of this they put themselves upon the country, etc.

And defendant, etc., Wenner, doth the like.

4th. And for a further replication in this behalf (by leave, etc.,) the said plaintiffs in error say *precludi non*, because they say that the said Wm. G. Houtze did not, since the rendition of said decree, pay to the said plaintiffs in error and the said defendants in error the said sum of $8410.26, or any sum whatever, in satisfaction of said decree in manner and form as in said plea alleged, and of this they put themselves upon the country, etc.

And the said defendant, Wenner, doth the like, etc.

7th. And for a further replication in this behalf (by leave, etc.,) the said plaintiffs in error say *precludi non,* because they say they and said defendants in error never accepted and received the said sum of money, in said plea mentioned, from the said Wm. G. Houtze, to-wit: the said sum of $4585, in manner and form as in said plea alleged, and of this they put themselves upon the country.

And defendant Wenner doth the like.

The issues were referred to the circuit court of La Salle county for trial. Trial was there had on the 9th of March, 1868, and its finding, certified back to this court, is as follows:

"And now, at this day, comes the defendant in error William Wenner, by E. F. Bull, his attorney, and also come the plaintiffs in error, by Charles Blanchard, Charles H. Brush, and L. B. Crooker, their attorneys, and the defendants in error assigning errors, to-wit: Louisa Stallard, Sarah J. Keith, Elizabeth Hazen, Wesley C. Thornton, Sarah Hallowell, Sarah J. Vanata, R. C. Thornton, William Hawthorne, Elizabeth Hawthorne, Emma Boyd, Mary J. Crowell, Mary A. T. Rechor, Susan K. Allison, Hiram A. Kerr, Henrietta Brice, Magdalene C. Allison, Sarah H. Thomas, Nancy M. Almond, Amanda Kerr, and Mary M. Hand, by G. S. Eldridge, their attorney, and, by agreement of all the parties herein, a trial by jury of the issues herein arising upon the plea of the defendant in error William Wenner, by him filed in the Supreme Court of Illinois for the Northern Grand Division, and certified to this court by said Supreme Court for trial, is waived, and the said issues submitted to the court for trial. And the court, having heard the evidence and the arguments of counsel, and being fully advised in the premises, doth find the issue joined upon the first replication of the said plaintiffs in error to the plea of the said defendant in error William Wenner, and the issue joined upon the first replication of the said defendants in error assigning errors to the plea of said defendant in error William Wenner in favor of the said defendant in error William Wenner, and the issues joined upon the

fourth and seventh replications of the said plaintiffs in error to the plea of said defendant in error William Wenner, in favor of the said plaintiffs in error, and the issues joined upon the fourth and seventh replications of the said defendants in error assigning errors to the plea of said defendant in error William Wenner, in favor of said defendants in error assigning errors.

"It is, therefore, ordered by the court, that the clerk of this court certify and transmit to the clerk of the Supreme Court in the Northern Grand Division, a transcript of the record of the finding herein, together with a transcript of the certificate of the evidence introduced and the exceptions taken by the respective parties upon the trial of said issues."

Both parties reserved the right to except in this court to the rulings and findings of the court below upon these issues, and Wenner has formally assigned error on the findings on the fourth and seventh replications.

Mr. CHARLES BLANCHARD, Mr. CHARLES H. BRUSH, and Mr. L. B. CROOKER, for the plaintiffs in error.

Mr. G. S. ELDRIDGE, Mr. FRANK J. CRAWFORD, and Mr. D. A. COOK, for the defendants in error.

Mr. E. F. BULL, for defendant in error Wm. Wenner.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The first question to be determined is, does the evidence sustain the findings of the court below, upon the issues submitted to it, by this court, for trial?

We have more doubt in regard to the finding upon the issue presented by the first replication to Wenner's plea than as to either of the other issues. Although Houtze and Wenner both swear that Wenner paid Houtze $4585 upon the sale by Houtze to him of the land described in the plea, there are several circumstances disclosed by the evidence tending to impair the

effect of their testimony and to cause it to be regarded with suspicion ; still, we are not prepared to say that we are clearly satisfied the finding upon this issue should be reversed.

As to the findings upon the issues presented by the 4th and 7th replications, the evidence shows that the court below, on the original hearing of the cause, decreed that Hiram T. Gilbert be appointed a trustee to receive the money found to be due from Houtze and distribute the same to those found to be entitled, to sell certain real estate, pay costs, etc., and also that the trustee's receipt to Houtze should "constitute, be and operate as a full discharge of said William G. Houtze from all further liability as administrator with the will annexed of Hiram Thornton, deceased, and, also, from all further liability as trustee for the sale of the real estate." William G. Houtze, pursuant to this decree, paid to the trustee, Gilbert, $8416.26, and took from him this receipt:

"Received of William G. Houtze, administrator of the estate of Hiram Thornton, deceased, the sum of eight thousand four hundred and ten and twenty-six hundredths dollars in full settlement and discharge of his liability as administrator of the estate of Hiram Thornton, deceased, or as trustee under the appointment of the county court of said county for the sale of real estate, this receipt to be filed, or a duplicate thereof, in the probate court, and an order entered for his final discharge as such administrator and for a release of his securities upon his administrator's bonds. This money is received by me by virtue of my appointment as trustee in said cause, and upon the express understanding by me, as such trustee, and as attorney for the complainants in said cause, that the payment of said sum is a final discharge of all liability of said Houtze by reason of his administration of said estate, the said Houtze to be protected from liability, if any he has, for the succession tax to the United States government.

Dated, Ottawa, March 22, 1877.

HIRAM T. GILBERT,
Trustee of the estate of Hiram Thornton, deceased."

Gilbert had been acting as attorney for some of the heirs at law of Hiram Thornton, deceased, but not for all. For some of the defendants who have assigned errors he was attorney. He has paid out a portion of the money he received from Houtze, but has, at all times, retained and still retains in his hands more than the amount paid by Wenner to Houtze. He did not distribute what he paid out, *pro rata*. He did not pay any of the parties so much of their distributive shares of that fund but what there was remaining more of their shares than their *pro rata* amount of the Wenner purchase money, if distributed, would amount to. The payments he has made have been made only to a portion, not to all, of the parties claiming as heirs at law of Hiram Thornton, deceased,—and, as such, here complaining or defending. Gilbert, in his testimony, says, and is in that regard uncontradicted, "There has been money enough in my hands all the time, and more than enough, to amount to the whole consideration of the Wenner farm. I have not paid out, as trustee, any portion of the consideration of the Wenner farm. I have reserved in my possession all the time sufficient to amount to that consideration." There is no other evidence in respect to payment to and acceptance by the heirs of Thornton of this money. Hence, it is very clear that the findings below on the issues presented by the 4th and 7th replications are correct, unless it can be held that the payment to and acceptance of the money by Gilbert, amounts, in legal contemplation, to a payment to and acceptance by the heirs.

There is no authority for saying that Gilbert is the *agent* of the parties here complaining of the decree under which he was appointed. They were not present asking his appointment, and they have since done no act by which they should be estopped to question his right to act for them. As trustee, he was the mere custodian of the fund, under the order of the court, holding it for the benefit of those to whom the court might decree it to belong. There is nothing in the record to show that the parties here complaining are responsible for the

money paid by Wenner being put in his hands any more than Wenner is responsible for it being placed there. As attorney at law, he had no authority to act for but a portion of these parties, so it could not be held, on that hypothesis, the payment to him was a payment to them. But no part of the money was paid to him as attorney at law. It was paid to him under the order of the court and to be held and distributed under its direction. The essential elements of an *estoppel in pais* are entirely wanting. We see no cause to disagree with the findings on these issues.

The result is, the plea is not sustained, and not being sustained the decree must be reversed as to the party pleading. *Austin et al.* v. *Bainter*, 40 Ill. 82; *Clapp et al.* v. *Reid et al.* id. 121; *Ruckman* v. *Alwood et al.* 44 id. 184.

It yet remains to consider the error assigned on that part of the decree which dismisses the bill as to Sarah W. Thornton, Cook and Hochstatter.

This part of the bill, it will be remembered, complains of a decree that was rendered in a proceeding for partition in the circuit court of LaSalle county, wherein Sarah W. Thornton was petitioner and Jesse Q. Thornton and the unknown heirs of Hiram Thornton, deceased, were defendants.

Two objections are urged against this decree: First, it is objected that the circuit court had no jurisdiction of the persons of the devisees of Hiram Thornton, deceased. Second, it is objected that the decree was fraudulently obtained.

The notice published is not claimed to be objectionable in form. It professes to have been published in a case wherein Sarah W. Thornton is complainant, and William G. Houtze, administrator, with the will annexed, of the estate of Hiram Thornton, deceased, Jesse Q. Thornton and *the unknown heirs of Hiram Thornton, deceased, are defendants*. It recites that the unknown heirs of Hiram Thornton, deceased, are not residents of the State, and notifies them of the pendency of the suit. Appended to the notice is a certificate of the pub-

lisher of the paper in which it was published, showing that publication was made for the proper length of time.

The only objection attempted to be pointed out is that there was not a sufficient preliminary affidavit to authorize the publication.

The statute in relation to "Partitions," (Gross' Statutes 1869, p. 473,) provides:

"§ 4. In cases where one or more of such parties shall be unknown, * * * so that such parties can not be named, the same shall be so stated in the petition."

"§ 5. All persons interested in the premises of which partition is sought to be made according to the provisions of this chapter, whose names are unknown, may be made parties to such petition by the name and description of unknown owners or proprietors of the premises, or as the unknown heirs of any person who may have been interested in the same."

And in § 6, that " when the names of persons having any such interest in such premises are unknown, and when parties whose names are known do not reside in this State or can not be found, they shall have further notice by advertisement, as provided in §§ 8, 41 and 42 of chap. 21, and after such advertisement, the court shall proceed to act in the premises as though the parties had been duly served with summons, or had been notified by their proper names."

The petition here makes William G. Houtze, as administrator, with the will annexed, of the estate of Hiram Thornton, deceased, Jesse Q. Thornton, and the unknown heirs of Hiram Thornton, deceased, defendants. It alleges that "Hiram Thornton died testate January 31, 1866, disposing of other of his estate, but leaving intestate the north half of south-west quarter section 5, township 35, range 1, and the north half of north-east quarter section 7, township 35, range 1; that he left the petitioner, his widow, him surviving, but no child or children, nor descendants of a child or children, whereby the petitioner became seized in fee simple of the undivided

one-half of said land, and entitled to dower in the other undivided half thereof."

It further alleges that " Jesse Q. Thornton is a brother of said Hiram Thornton, deceased; that the petitioner has heard that there are descendants of deceased brothers and sisters of the said Hiram Thornton, deceased, but the names of any such descendants or their or any of their places of residence are and is unknown to the petitioner."

The petition is sworn to by Sarah W. Thornton, the petitioner; and the following affidavit is also annexed:

" STATE OF ILLINOIS, } ss.
       *La Salle County.* }

Sarah W. Thornton, on her oath, says that Jesse Q. Thornton and the unknown heirs of Hiram Thornton, deceased, do not reside in the State of Illinois, according to the best of her knowledge, information and belief.

SARAH W. THORNTON."

Subscribed and sworn to, etc., etc.

That the petition was defective in not alleging that the petitioner knew of no sister of Hiram Thornton, deceased, and of no brother, except Jesse Q. Thornton, may be conceded. But this is a defect that could have been cured by amendment of the petition, and to have availed anything to the defendants should have been taken advantage of in some direct proceeding. We do not conceive that it goes to the jurisdiction of the court.

To give the court jurisdiction over the person of unknown parties, all, as we think, that is necessary is, it shall be made to appear there are unknown parties and the notice required by the statute shall be published as to them.

It does here appear there are unknown parties, and the notice published is broad enough to include them all. Indeed, it is not pretended that in any contingency would the unknown parties, as such, have been entitled to other or different notice from that published.

We think, in a collateral proceeding like the present, the court should indulge the presumption, until rebutted, that those named as parties are the only parties known to the petitioner. If other parties are known to the petitioner whose names are not included in the proceeding, this might furnish a reason why such parties should not be bound by the decree, but no claim of this kind is made here.

The objection that the decree was fraudulently obtained is based on the alleged fact that the petitioner withheld from the court full knowledge of the facts on which her claim of title or dower rested. She alleged in her petition, as has been shown, that Hiram Thornton died testate, disposing of other of his estate, but leaving intestate the land in controversy. This was a material allegation requiring proof, and the court should have required the production of the will. The cause was referred to a master in chancery to take and report proofs, and his report shows that a copy of the will was given in evidence.

However erroneous the ruling of the court may have been in regard to the rights of the petitioner, we are clear in the opinion, the record discloses no such facts as will impeach its jurisdiction on the ground of fraud, and that they can not be inquired into in this proceeding.

Wenner can not now rely on the objection of multifariousness in the bill. His plea amounts to a confession of error, for which, as to him, the decree must be reversed, unless the facts alleged in avoidance of that error shall be found in his favor. But those facts have been found against him. Besides this, the objection of multifariousness was not urged by him until long after he had answered the bill, and until he filed his amended answer on the first day of the hearing. This was too late. *Oliver* v. *Piatt,* 3 How. 412; *Nelson* v. *Hill,* 5 id. 127; *Gaines* v. *Chew,* 2 id. 619.

What is first above said in regard to the objection by Wenner of multifariousness in the bill, will apply with equal force in regard to his objection of *laches* in the filing of the bill.

Apart from this, also, facts are proved sufficiently explaining and excusing the delay.

The decree as to the defendant in error Wenner is reversed, and the cause remanded; but in all other respects it is affirmed.

*Decree reversed in part, and in part affirmed.*