MARGARET MAHONY *et al.*

*v.*

BRIDGET MAHONY *et al.*

*Filed at Ottawa October 31, 1891.*

1. LIMITATIONS—*plea of statute.* The effect of a plea of the Statute of Limitations to a writ of error is to confess the errors assigned, and when the plea is negatived by the allegations of the replication which are admitted to be true by demurrer, the decree below must be reversed as to the party pleading the statute.

2. To a writ of error to the Superior Court of Cook county the defendant pleaded that the writ of error was not sued out within five years after the entry of the decree, to which the plaintiff replied that the writ of error was prosecuted within five years after the entry of the decree, namely, that the decree was entered June 14, 1884, and the writ of error was sued out June 12, 1889: *Held,* on demurrer, that the replication was sufficient.

3. REVERSAL—*as to one of several defendants.* Where the decree of the court below dismissing the complainant's bill is reversed as to one defendant only, the reversal will operate as to all the defendants not appearing in this court whose rights are dependent upon the rights of such defendant who appears.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. GEORGE GARDNER, Judge, presiding.

Messrs. GOGGIN & WINSLOW, for the plaintiffs in error.

Messrs. BOTSFORD & WAYNE, for the defendants in error.

Per CURIAM: This is a writ of error to the Superior Court of Cook county. Errors were assigned upon the record, but there was no joinder in error. One of the defendants in error, Michael O'Connor, pleaded the Statute of Limitations,—that the writ of error was not sued out within five years after the entry of the decree. To this, plaintiffs in error replied that the writ of error was prosecuted within five years after the entry of the decree, namely, that the decree was entered on the 14th of June, A. D. 1884, and the writ of error was sued out on the 12th of June, A. D. 1889. To this the defendant in error Michael O'Connor demurred.

No reason is shown why this demurrer should be sustained. The facts alleged in the replication are those necessary to raise an issue of fact upon the plea, and in our opinion they are sufficiently pleaded. The demurrer admits the allegations of the replication to be true, and from the inspection we have given the record this admission is in accordance with the facts as disclosed by it.

The effect of the plea is to confess the errors assigned, and the plea being negatived by the allegations of the replication, which are to be taken as true, the decree must, as to the defendant in error Michael O'Connor, be reversed. (*Austin et al.* v. *Bainter,* 40 Ill. 82; *Thornton et al.* v. *Houtze et al.* 91 id. 199.) The rights of the other defendants in error are dependent upon those of said O'Connor, who alone appears in this court. The decree of the court below dismissed complainants' bill for want of equity. The reversal of that decree as to O'Connor necessarily works a reversal as to all.

The decree is reversed and the cause remanded.

*Decree reversed.*