(No. 14177.—Demurrer to pleas sustained.)
FRANK P. HAWKINS, Appellee, vs. THE COUNTY OF LAKE
et al. Appellants.

*Opinion filed February 22, 1922.*

1. APPEALS AND ERRORS—*acceptance of benefits of judgment or decree operates as release of errors.* If a party to a decree accepts benefits conferred upon him by it such acceptance operates as a release of errors, but the act which will operate as a release of errors must be one authorized or directed by the decree.

2. TAXES—*when act of county collector is not a release of errors in injunction suit.* Where a bill is filed to enjoin the collection of 32.6 per cent of taxes levied and the decree makes the temporary injunction perpetual as to 30 per cent but dissolves it as to 2.6 per cent, the act of the county collector in collecting the 2.6 per cent and receipting therefor as in full for taxes due does not amount to a release of errors in the injunction suit, as his duty to collect the taxes is imposed by law and not by the decree.

APPEAL from the Circuit Court of Lake county; the Hon. CLAIRE C. EDWARDS, Judge, presiding.

A. V. SMITH, IRA J. GEER, SAMUEL S. HOLMES, HENRY E. MASON, and GEORGE A. MASON, for appellants.

ERNEST S. GAIL, HENRY F. DICKINSON, and SCHU-MACHER & MURPHY, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

Frank P. Hawkins filed a bill in the circuit court of Lake county for an injunction to restrain Ray W. Bracher, the county treasurer, from collecting from him or his property more than .6634 of the taxes levied and extended for the year 1920 against his real estate, and from collecting from any tax-payer or property in the city of Highland Park, in said county, more than .6634 of the general taxes for the year 1920 as the same had been levied and extended in the city. Gordon Buchanan filed a similar bill to enjoin

the collection from him and all other persons owning real estate in the city of Highland Park, or from his property, more than .7794 of the amounts levied and extended against his real estate in the city for the year 1920. The county, the county treasurer and the city of Highland Park and other taxing districts in the county were made parties defendant. The suits were consolidated, a temporary injunction was issued restraining the collection of more than .674 of the taxes levied against real estate in the city of Highland Park, and upon hearing of the consolidated cause a decree was entered perpetually enjoining the collection of more than 70 per cent of the taxes, from which the county treasurer, the city of Highland Park, the Highland Park East Park District and the Deerfield-Shields High School District have appealed.

The appellee, Frank P. Hawkins, on behalf of himself and all others similarly situated, has filed three pleas of release of errors, to which the appellants, except Bracher, have demurred. He replied to the first two pleas, denying their material allegations, and demurred to the third. The appellee demurred to Bracher's replications. The first plea alleged that after the issuance of the temporary injunction Hawkins and more than two hundred and fifty other land owners in the city of Highland Park paid the .6634 of all taxes extended against their real estate and Bracher gave receipts to them reciting that such payments were in part payment of the taxes extended; that after the final decree was entered Bracher requested the payment of the balance unpaid "pursuant to the findings, conditions and provisions of said final decree," and thereupon the appellee and many others who were similarly situated paid such balance, and Bracher issued his receipts reciting as to each payment "that the same was the balance due in full payment for all taxes levied and assessed against the real estate and improvements" owned by the respective tax-payers for the year 1920 in the city of Highland Park. The second plea al-

leges that Bracher voluntarily accepted and received from the appellee and other citizens of the city of Highland Park similarly situated, the sum of 70 per cent of all the taxes levied and extended against their respective lands and lots for the year 1920 and issued to them receipts in full for all taxes levied and extended against their respective lands and lots in the city of Highland Park for the year 1920; that 2.6 per cent of said 70 per cent of taxes so received was the amount of taxes disputed by the appellee in the trial court, "whereby the appellants have accepted the benefits of the decree and have released to the appellee any and all errors in the record and proceedings." · The third plea alleges that Bracher, after the decree and prior to the appeal, published a notice to Highland Park tax-payers stating that the temporary injunction restraining the county treasurer from collecting more than .674 of the total taxes has now been made permanent and changed to 70 per cent; that there was a balance due of 2.6 per cent, and that all tax-payers should make sure that 70 per cent of their taxes had been paid, as judgment would be asked for on October 10 on the 2.6 per cent balance and the property would be offered for sale as soon thereafter as arrangements could be made; that pursuant to this notice judgments were entered in the county court of Lake county on October 19, 1921, against the real estate in the city of owners similarly situated, to the extent of the unpaid portion of 70 per cent of the taxes extended against such real estate, and certain tracts of real estate so situated were sold to satisfy such judgments and costs.

If a party to a judgment or decree accepts benefits conferred upon him by it such acceptance operates as a release of errors. (*Morgan* v. *Ladd,* 2 Gilm. 414; *Holt* v. *Reid,* 46 Ill. 181; *Schaeffer* v. *Ardery,* 238 id. 557; *Langher* v. *Glos,* 276 id. 342.) The matter in dispute in this case was 32.6 per cent of the taxes extended against the complain-

ant's property.   The preliminary injunction was issued against the collection of this portion of the taxes, and on a final decree was made perpetual as to 30 per cent and the injunction was modified and dissolved as to 2.6 per cent. The statute imposed upon the treasurer the duty of collecting these taxes.   He derived no authority from the decree, but as soon as the injunction was dissolved it became his duty to enforce the collection of the taxes in the manner directed by law.   He gave public notice of the dissolution of the injunction as to this part of the tax and of his intention to apply for judgment for the sale of the land for taxes if they were not paid.   This he was bound to do. The duty was imposed upon him by law.   The tax-payers, apparently satisfied with the amount of relief which they had received, instead of appealing from the decree, in response to the notice voluntarily paid their taxes.   This was not done in compliance with any order of the court.   The decree did not require them to pay the taxes.   The treasurer received the taxes, not in compliance with the decree but in the course of the official duty imposed upon him by law.   The act which will operate as a release of errors must be an act authorized or directed by a decree.   The payment of the 2.6 per cent of the taxes after the dissolution of the injunction as to that amount did not amount to a release of errors in the decree making perpetual the injunction as to the rest of the taxes.

The demurrer to the pleas will be sustained.   Since the pleas are bad it is not necessary to consider the replications. Leave is given to the appellee to join in error if he shall be so advised, and if he does so, to file his brief by the first day of the next term.    *Demurrer to pleas sustained.*