Bruce L. Brayton et al., Defendants in Error, v. I. Grace Brayton, Plaintiff in Error.

**Gen. No. 8,065.**

term, 1929.

Heard in this court at the October term, 1929. Opinion filed August 27, 1930.

HALL & DUSHER, for plaintiff in error.

JOHN R. THOMPSON, for defendants in error.

MR. JUSTICE BOGGS delivered the opinion of the court.

On February 28, 1927, one Bruce L. Brayton filed a bill for divorce in the circuit court of Ogle county against plaintiff in error, charging desertion. Thereafter on May 12, 1927, a decree was entered, reciting service of summons on plaintiff in error more than ten days prior to the April term 1927 of said court, purporting to find the issues in favor of the complainant in said bill, and decreeing the dissolution of said marriage relation.

Thereafter, plaintiff in error sued out a writ of error from this court to reverse said decree. On September 26, 1929, an affidavit was filed in this court, stating that the said Bruce L. Brayton departed this life on February 28, 1929, and setting forth the names of his heirs. By leave of this court, said heirs were made defendants in error. Thereafter, on September 16, 1929, defendants in error filed the following plea:

"Now come the defendants in error by John R. Thompson, their attorney and for plea herein say: that the said I. Grace Brayton, plaintiff in error, ought not to be allowed to maintain her said writ of error herein; because they say, that the said Bruce L. Brayton, complainant, in whose favor the said decree of divorce was entered by the Circuit Court of Ogle County on the 12th day of May, A. D. 1927, against said I. Grace Brayton, defendant, plaintiff in error, departed this life on or about the 28th day of February, A. D. 1928, intestate, leaving these defendants Harriet M. Brayton, his mother, and Louis F. Brayton and Earnest G. Brayton, his brothers, his heirs at law; that the said Bruce L. Brayton in his lifetime, to-wit: on the 10th day of March, A. D. 1927 and during the pendency of said divorce proceeding; assigned and delivered to said I. Grace Brayton a large amount of valuable property, to-wit: One hundred shares of the capital stock of Kable Brothers Company, a corpora-

tion, of great value, to-wit: of the value of Thirteen Hundred Dollars ($1,300), in settlement of all claims and demands of said I. Grace Brayton on account of the entry of said divorce decree; that said I. Grace Brayton, having then and there full knowledge of the pendency of said divorce proceeding, and acquiescing in the entry of said decree, accepted and received said corporate stocks in settlement of all claims and demands by her incident to the entry of said decree. These defendants in error further say that the said I. Grace Brayton, plaintiff in error, ought not to maintain her said writ of error against these defendants, because they say that by so acquiescing in the entry of said decree of divorce, and receiving said property in satisfaction of all demands by her on account thereof as above set forth, she the said I. Grace Brayton released all errors if any committed, by said Circuit Court in the rendition of said decree and has estopped herself from prosecuting this writ of error; and this these defendants in error are ready to verify, wherefore they pray judgment if the said plaintiff in error ought to maintain her said writ of error against these defendants.''

A motion was filed by plaintiff in error to strike said plea from the files. This motion was afterward withdrawn, and by leave of this court a demurrer to said plea was filed.

It is first contended by counsel for plaintiff in error that said plea is fatally defective for the reason that it purports to be a plea of release of errors, and that the matters and things averred in support thereof all occurred prior to the rendition of said decree.

The suing out of a writ of error in the Supreme or Appellate Court is the commencement of a new suit, and the assignment of errors performs the office of a declaration, each item of the assignment being regarded as a count. *Cass v. Duncan*, 260 Ill. 228–230, citing *Williston v. Fisher*, 28 Ill. 43; *Ditch v. Sennott*,

116 Ill. 288; *Davis v. Lang,* 153 Ill. 175; and to the same effect is *People v. Sleight,* 302 Ill. 45–47; *Scott v. Scott,* 304 Ill. 267–272; *Fishburn v. Green,* 291 Ill. 350–351.

A defendant in error may confess error or may join in error, which operates as a demurrer to the assignment, or he may plead some subsequent fact operating to release the errors assigned and to bar the prosecution of the writ. *Cass v. Duncan, supra,* 230.

A plea of release of errors must allege some fact which will be effective to waive or release the errors assigned. *Cass v. Duncan, supra,* 230. If a party to a judgment or decree accepts benefits conferred upon him by it, such acceptance operates as a release of errors. *Holt v. Rees,* 46 Ill. 181–183; *Schaeffer v. Ardery,* 238 Ill. 557–559; *Langher v. Glos,* 276 Ill. 342–344; *Hawkins v. County of Lake,* 302 Ill. 213–215; *Chaney v. Baker,* 302 Ill. 481–484; *Fishburn v. Green,* 291 Ill. 350–353; *Gridley v. Wood,* 206 Ill. App. 505.

The transfer alleged to have been made by Brayton to plaintiff in error was made more than two months prior to the entry of said decree. As no advantage or benefit is alleged to have been accepted by plaintiff in error under the provisions of said decree, said plea cannot under the foregoing authorities be sustained as a plea of release of errors.

Counsel for defendants in error contend that, notwithstanding said plea set forth "she, the said I. Grace Brayton, released all errors, if any committed," etc., it is not in fact a plea of release of errors, but a plea setting up matters *in pais,* in bar of the errors assigned. The question therefore arises as to the sufficiency of said plea as a plea in bar.

Pleas to writs of error are governed by the same rules as apply to other pleadings, and all intendments are to be taken most strongly against the pleader. *Beardsley v. Smith,* 139 Ill. 290; *Ward v. Williams,* 278 Ill. 227–230.

The plea here in question fails to set forth upon what terms the alleged transfer of property, etc., was made by said deceased to plaintiff in error, and on what terms plaintiff in error accepted the same. It was therefore insufficient, on account of its uncertainty. *Ward v. Williams, supra,* 230.

The effect of a plea in bar is to confess the errors assigned. *Thornton v. Houtze,* 91 Ill. 199–220; *Mahony v. Mahony,* 139 Ill. 14–15; *George v. George,* 250 Ill. 251–252; *Great Northern Refining Co. v. Jeffris Lumber Co.,* 308 Ill. 342–347; *McCormick v. Higgins,* 190 Ill. App. 241–250. In the latter case, this court at page 250 said:

"Where pleas in bar are filed to a writ of error and said pleas are not sustained because bad in law upon demurrer, or because not supported by the proofs upon trial, they confess the errors assigned, and the judgment or decree must be reversed, whether the supposed errors assigned do in fact exist upon the record or not, and the court which finds the pleas insufficient will not consider whether the errors are justly assigned or not; and, on the other hand, if the pleas are sustained, the judgment or decree must be affirmed." Citing *Austin v. Bainter,* 40 Ill. 82; *Clapp v. Reid,* 40 Ill. 121; *Ruckman v. Alwood,* 44 Ill. 183; *Holt v. Rees,* 46 Ill. 181; *Thornton v. Houtze,* 91 Ill. 199; *Page v. People,* 99 Ill. 418; *International Bank of Chicago v. Jenkins,* 104 Ill. 143; *Mahony v. Mahony, supra; Beardsley v. Smith,* 139 Ill. 290; *Martin v. Commissioners of Scotland Township,* 150 Ill. 158; *Schaeffer v. Ardery,* 238 Ill. 557; *Peterson v. Manhattan Life Ins. Co.,* 244 Ill. 329; *George v. George, supra.* To the same effect is *Great Northern Refining Co. v. Jeffris Lumber Co., supra,* 347.

While, under section 109 of the Practice Act, Cahill's St. ch. 110, ¶ 109, where a demurrer is sustained to a plea of release of errors, the defendant is not de-

prived of the right to join in error, this right does not obtain where a plea in bar of errors is held insufficient. *Great Northern Refining Co. v. Jeffris Lumber Co., supra,* 347; *McCormick v. Higgins, supra.* It would therefore follow that, inasmuch as we have held said plea insufficient, the decree would have to be reversed, unless a sufficient plea be filed. From an examination of the authorities, we are satisfied that leave may be granted to amend pleas of this character. *Austin v. Bainter, supra,* 85. In *McCormick v. Higgins, supra,* this court at page 250, in discussing this question, said:

"It is contended that the court had no power to permit more than one plea to be filed. Whatever the rule may have been at ancient common law or is in other jurisdictions, the practice in this State permits several pleas and several replications to pleas to be filed to a writ of error. *Austin v. Bainter, supra; Corwin v. Shoup,* 76 Ill. 246; *Thornton v. Houtze, supra; Page v. People, supra; Trapp v. Off,* 194 Ill. 287; *Schaeffer v. Ardery, supra; Lott v. Davis, supra.* In *Austin v. Bainter, supra,* there were two pleas, to which plaintiff in error demurred, but, before the court rendered a judgment upon the demurrer, leave was given defendant in error to file amended pleas. Amended pleas to a writ of error therefore can be filed, and it may well be that defendant in error was entitled to have his motion of May 21st, to amend his pleas, granted, but the same object was accomplished by permitting him to file additional pleas. As more than one plea can be filed to assignments of error, and as amended pleas can be filed thereto by leave of court, it must follow that power exists in the court to permit additional pleas to be filed."

We thought it well to call attention in this opinion to such right to amend, for the reason that if, as contended by counsel for defendants in error, the property rights of the parties to said divorce proceeding

were in fact adjusted, then defendants in error should have the right to properly plead the same.

The demurrer to said plea will be sustained, with leave to defendants in error, if they so desire, to apply at the first day of the next term for leave to amend said plea.

*Demurrer sustained.*