## Iva Ragland, Defendant in Error, v. A. T. Ragland, Plaintiff in Error.

Opinion filed September 18, 1933.

J. E. CARR, for plaintiff in error.

FRANK E. TROBAUGH, for defendant in error.

MR. PRESIDING JUSTICE EDWARDS delivered the opinion of the court.

On November 17, 1931, in the city court of West Frankfort, Iva Ragland, defendant in error herein, was awarded a divorce from her husband, A. T. Ragland. The latter then sued out from this court a writ of error to review such decree.

Defendant in error filed two pleas, averring that the writ of error should not be maintained for the reason that plaintiff in error was in contempt of the orders and decree of the trial court, the first of which alleged such facts generally, the latter setting forth the purported contempts, and the orders of court finding him to be in contempt, in detail and at length; also, that after the writ of error was sued out, she had pro-

cured from the city court an order for suit money to enable her to follow and defend the writ of error, and that plaintiff in error failed and refused to comply with the order, and stands in contempt thereof.

To the pleas replications were filed, after which defendant in error demurred, and the sufficiency of the replications is the question before the court for determination.

The replication to the first plea alleges that repliant had not been adjudged guilty of contempt of court on May 3, 1932, the date of suing out the writ of error, and that the purported contempt order referred to in the plea was made and filed on May 21, 1932, or about 20 days after filing the transcript of record, abstract, brief and argument in this court, and that L. P. Harriss directed the city court clerk to file such order as of April 20, 1932; that he had not been served with any notice relative to same; that he did not absent himself from the State or evade service of process, and that so far as he knew, no proceedings were had in such court between the dates March 28, 1932, and May 21, 1932.

The rule relating to replications is the same as respects pleas. The replication must answer so much of the plea as it professes to answer, and if it is bad in part, it is bad in its entirety. *People v. Union Gas & Electric Co.,* 260 Ill. 392.

It will be observed that the replication, in effect, admits the existence of the contempt order, and seeks to avoid its force by averring that it, in fact, was made on May 21, 1932, and ordered filed back by L. P. Harriss as of the date April 20, 1932. Who L. P. Harriss was, or what his connection with, or authority, in the matter, is not set forth, and whether it was an order which the court had no right or authority to enter is not alleged. We do not think it can be said that the replication sufficiently answers the averments of the

plea when tested by the usual rules of pleading, especially when the pleading is construed most strongly against the pleader. *Ward v. Williams,* 278 Ill. 227. Moreover, it is self-contradictory, charging that the order in question was "made and filed on the 21st day of May," and then, further, that L. P. Harriss directed the city court clerk to file same back as of April 20, 1932. It could officially be filed in the cause but once, hence the averments are repugnant to each other.

To the second plea, the replication filed against it, with detail, attempted to answer its averments; it did not, however, reply to the allegations of the plea which charge that on May 21, 1932, the city court entered its order directing plaintiff in error to pay to defendant in error, by the first day of June, 1932, the sum of $250 as her reasonable suit money to enable her to defend this writ of error, which order was entered after the same was sued out. It is further charged in the plea that the plaintiff in error has wholly failed to comply with the terms of such order, or to make payment as required therein, but that as to such order he defies the court and stands in contempt thereof. This was a material element of the plea, and the mere fact that such order was entered after the writ of error was sued out did not deprive the court of jurisdiction to entertain the motion and make the further order in the case.

The statute creates, in cases of divorce, an exception to the general rule that with the consummation of an appeal, a court has no further authority to make orders in the case, as it, in direct terms, permits the court, after an appeal has been perfected from a decree awarding her a divorce, to grant and enforce an order requiring the husband to pay to his wife the reasonable and necessary cost of defending her cause upon a review of the case. Cahill's St. ch. 40, ¶ 16 (sec. 16, ch. 40, Smith-Hurd R. S. 1931). *Elzas v. Elzas,* 183 Ill. 160; *Jenkins v. Jenkins,* 91 Ill. 167.

The replication purported to answer the whole plea, but, as indicated, failed to reply to at least one material and important element; hence, within the rule of *People v. Union Gas & Electric Co., supra,* was insufficient.

Authority of law exists in the courts to permit amendments to pleadings of this nature; *Austin v. Bainter,* 40 Ill. 82; *Brayton v. Brayton,* 258 Ill. App. 487, and we think plaintiff in error should be accorded opportunity, if he so desires, to amend the replications.

The demurrers to the replications will be sustained, and leave granted plaintiff in error to apply, at the first day of the next term, if he be so advised, for leave to amend the same.

*Demurrers sustained.*