## Ann Collins *et al.*

### *v.*

### Jeremiah Crotty.

1.  Chancery—*vacating decree at subsequent term.*  Under the latter clause of section 18 of the chancery act of 1845, the court may, upon the application of the defendant, for good cause shown, at the second term, vacate a decree taken *pro confesso,* and allow an answer to be filed.

35—65TH ILL.

546 COLLINS *et al. v.* CROTTY. [Sept. T.,

Opinion of the Court.

2. SAME—*time to answer.* If an answer is not filed at the return term, and there is service, the bill may be taken as confessed; but the court may, at such term, for good cause shown, extend the time for answering, and, in such case, enter an interlocutory decree.

WRIT OF ERROR to the County Court of La Salle county; the Hon. CHARLES H. GILMAN, Judge, presiding.

This was a bill in chancery, by defendant in error against the plaintiffs in error, to quiet title to a tract of land and enjoin certain waste, and the removal of crops, etc. Ann Collins, after answering, filed her cross-bill, claiming an equitable title, and praying for a conveyance from defendant in error. At the term subsequent to the filing of this cross-bill, the defendant in error was called and the cross-bill taken for confessed, and a decree entered dismissing the original bill, and among other things, requiring him to convey his title to Ann Collins, and in default thereof, that the master in chancery make such conveyance for him of his title.

The defendant then filed his bill, returnable to the next term, praying for leave to answer such cross-bill and to vacate such decree, and for an injunction in the meantime, and setting forth the reasons why he was unable to answer the cross-bill, which was held sufficient cause.

The plaintiff in error demurred to this bill, which being overruled, and she abiding by her demurrer, it was taken for confessed, and the decree on the cross-bill was vacated.

Messrs. BLANCHARD, SILVER & CORWIN, for the plaintiffs in error.

Messrs. DICKEY, BOYLE & RICHOLSON, for the defendant in error.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The bill, to which the demurrer was overruled, can not properly be characterized as a bill of review. The prayer for an injunction was necessary, to prevent the execution of a

deed under the decree upon the cross-bill, until the court determined as to the vacation of the decree.

The purpose of the bill, evidently, was to obtain relief, under section 18 of the chancery code (Rev. Stat. 1845, 95).

That section should not be construed as applicable only to causes in which an interlocutory decree has been entered. It provides that if an answer is not filed at the return term, the bill may be taken for confessed; but that the court may extend the time for answer, and, in such case, enter an interlocutory decree. This can only be upon request, and for good cause shown; otherwise, the decree is *pro confesso.*

The last clause of the section is general in its language and application, that the court may, upon offer and a showing of sufficient cause, at the second term permit an answer and vacate the decree. If the interlocutory decree be entered, the defendant then has until some time in vacation or until the next term, according to the order, to file an answer, without any further permission of the court. In such case, the court exercises its discretion at the return term. The latter clause of the section can have no application to such circumstances, for it provides that the court may grant permission to file an answer at the second term.

The plain reading of the section is that, at the first term, if the bill be not taken for confessed, the court may exercise a discretion and extend the time for answer, and enter the interlocutory decree; and if the bill be taken for confessed, permission may be given to answer at the subsequent term.

This case is within the last clause of the section. There was sufficient cause shown to induce the exercise of the discretion of the court, and the decree is affirmed.

*Decree affirmed.*