THE ERNST TOSETTI BREWING COMPANY

*v.*

BERTHA KOEHLER.

*Opinion filed December 16, 1902.*

| | |
|---|---|
| 200 | 369 |
| 206 | ²282 |
| 206 | ³345 |
| 206 | ²346 |
| 200 | 369 |
| e207 | ¹623 |
| 200 | 369 |
| 111a | 603 |

1. APPEALS AND ERRORS—*when right of appeal is not determined by amount of judgment.* In a proceeding to enjoin the levy upon and sale of a lot under an execution and to remove the cloud upon the title arising from the apparent lien of the judgment, the amount of the judgment does not determine the right to appeal from the Appellate Court to the Supreme Court.

2. JUDGMENTS AND DECREES—*a decree cannot be vacated after term has elapsed.* After a term has elaped a decree may be corrected, upon motion, in matters of form or for mere clerical errors; but the court cannot, after the term, change the decision, or set aside, modify or annul its decree.

3. SAME—*error of law does not justify changing decree after term.* No error of law will justify revising or annulling a decree at a subsequent term, in a summary way, upon a motion, but relief must be had by appeal or writ of error if the error appears on face of the record, and if not, by bill of review or bill to impeach the decree.

4. SAME—*statutory motion to correct error of fact does not apply to a decree.* The statute abolishing the writ of error *coram nobis* and substituting therefor a motion authorizing the court to set aside a judgment at any time within five years for an error of fact, does not apply to chancery cases.

5. SAME—*decree cannot be amended upon evidence of solicitors contradicting the record.* A decree regularly entered cannot be altered or amended at a subsequent term, even as to matters of form, upon the evidence of solicitors contradicting what appears of record.

*Koehler* v. *Ernst Tosetti Brewing Co.* 101 Ill. App. 339, affirmed.

200—24

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. A. H. CHETLAIN, Judge, presiding.

CRATTY BROS., JARVIS & LATIMER, for appellant.

MASTERSON, HAFT & DANDRIDGE, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On June 12, 1899, Bertha Koehler, appellee, filed her bill in the superior court of Cook county against the Ernst Tosetti Brewing Company, appellant, and Charles E. Polzin, to enjoin appellant from levying on a certain lot by virtue of an execution issued on a judgment in favor of appellant against said Charles E. Polzin, and to remove the cloud upon the title to said lot arising from the apparent lien of such judgment thereon. Appellant and Charles E. Polzin filed separate answers to the bill, to which replications were filed. The bill alleged that the lot had been conveyed to John Bernero, and on May 28, 1901, one of the days of the May term of said court, an order was entered, on motion of appellee, giving her leave to amend the bill by making said John Bernero complainant. The amendment was filed instanter, joining said John Bernero with appellee as a complainant, and adding to the averments of the bill and to the prayer. It was ordered that the answers theretofore filed should stand as answers to the amended bill and the replications should also stand to the answers. On the same day a final decree was entered in the cause, granting the relief prayed for by the amended bill. No further motion or order was made or entered in the cause at the May term. Afterward, at the June term, 1901, of said court, another decree was entered in the cause on June 11, dismissing the bill at the cost of appellee for want of equity, and from this decree appellee prose-

cuted an appeal to the Appellate Court for the First District. The cause was heard in that court, and the decree so appealed from was reversed without remanding the cause. From the judgment of the Appellate Court this appeal was prosecuted.

The judgment against Polzin, together with costs and accrued interest, did not amount to $1000 at the time the bill was filed, and appellee has entered a motion to dismiss the appeal on the ground that the amount involved is not sufficient to give this court jurisdiction. The purpose of the suit is not the recovery of money or property, but it is to enjoin the levy upon and sale of the lot under execution and to remove the cloud from the title, and in such case the right to an appeal is not determined by the amount of the judgment. (*Baber* v. *Pittsburg, Cincinnati and St. Louis Railroad Co.* 93 Ill. 342; *Farmers' Nat. Bank of Bushnell* v. *Sperling*, 113 id. 273; *Green* v. *Goff*, 153 id. 534.) The motion to dismiss the appeal is overruled.

The record removed from the superior court to the Appellate Court showed that the superior court had decided the issues made by the pleadings and entered a final and conclusive decree at the May term, and had thereby exhausted its power to adjudicate the rights of the parties. That decree was in full force and effect, and the court was without power to enter another decree of opposite character and effect at the succeeding June term. To obviate the necessary effect of the decree entered at the May term, appellant, during the pendency of the cause in the Appellate Court, obtained an order of the superior court purporting to strike from the files the amendment to the bill, and to vacate, set aside and expunge from the records the decree entered at the May term, and filed in the Appellate Court an additional record showing such proceeding and order. This order was entered at the October term, 1901, of the superior court. The Appellate Court disregarded the order as not being within the power of the superior court. It is insisted,

on this appeal, that the Appellate Court erred in such holding, and that the superior court had power at the October term to set aside and vacate the decree entered at the May term. . If the superior court did not have such power it is manifest that the judgment of the Appellate Court was right.

The decree entered at the May term was signed by the chancellor and delivered by him to the clerk, who regularly filed it. The order vacating it, entered at the October term, was made in pursuance of a motion of appellant, supported by affidavits of two of its solicitors, to the effect that the solicitor for appellee had by misrepresentation and fraud procured the court to enter said decree; that the clerk was afterward verbally instructed to not record it, and that the question what decree should be entered was further heard and argued before the court until the June term. None of these things appeared of record or from the files or minutes in the case, and the decree remained on file and was regularly recorded. The motion was heard upon the evidence of the same solicitors whose affidavits were attached to it, and the order purports to be based upon such proofs. The decree was under the control of the court during the May term, at which it was entered, and might have been set aside or vacated during the term, or subsequently, upon motion made during the term, and continued to a subsequent term; but nothing of that kind was done. After a term has elapsed a decree may be corrected, on motion, in matters of form or mere clerical errors or misprisions of the clerk, but the court is then without power to change the decision, or to set aside, vacate, modify or annul a decree. No error of law of any kind will justify revising or annulling a decree at a subsequent term in a summary way on a motion, but relief against it must be obtained by appeal or writ of error if the error is apparent on the face of the record, and if not, by bill of review or bill to impeach the decree for fraud or other sufficient cause.

The Statute of Amendments and Jeofails authorizes the court, at a subsequent term, to rectify any defect or imperfection in matter of form contained in the record, pleadings, process, entries, returns or other proceedings in the cause in affirmance of the judgment, so that the judgment shall not be reversed or annulled. The rules and practice are the same in the case of a decree as of a judgment at law. (*Lilly* v. *Shaw*, 59 Ill. 72; *Hurd* v. *Goodrich*, id. 450.) In an action at law the statute abolishing the writ of error *coram nobis* and substituting therefor a motion, authorizes the court to set aside a judgment at any time within five years, for an error of fact that came within the scope of the writ as it existed at common law, and such errors of fact may involve questions of duress, fraud or excusable mistake without negligence on the part of the party against whom judgment is rendered; but aside from cases within the purview of the statutory motion, a court cannot set aside, reverse or change its judgment after the term at which it is rendered. The statutory motion does not apply to cases in chancery. A decree regularly entered cannot be altered or amended after the term has elapsed, except for the correction of matters of form or clerical errors,—and even such amendments cannot be made merely upon the evidence of solicitors contradicting what appears of record. These rules have been settled by repeated decisions of this court. (*Cook* v. *Wood*, 24 Ill. 295; *State Savings Institution* v. *Nelson*, 49 id. 171.) A decree cannot be vacated or amended at a subsequent term on motion or petition for the purpose of correcting an alleged error which involves the merits of the case. (5 Ency. of Pl. & Pr. 1049.) The proper method of impeaching and setting aside a decree after the term is to file an original bill in the nature of a bill of review, when such decree may be set aside, reversed or modified, according to the equities of the parties. (*Adamski* v. *Wieczorek*, 170 Ill. 373.) In this case there was a valid and binding decree, and conclusive as to the rights

of the parties, at the May term of the superior court. The decree was regularly signed and filed and was entered of record, and the power of the court over the case was thereby exhausted. The court had no power to enter the subsequent decree at the June term or the order at the October term. As nothing further could be done under either, it was proper to not remand the cause to the superior court. The decree of the May term is in full force, not annulled, reversed or set aside, and is conclusive of the rights of the parties.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*