LILLIE B. MOONEY, Appellant, *vs.* CHARLES A. VALENTYNOVICZ, Appellee.

*Opinion filed June 21, 1912—Rehearing denied October 3, 1912.*

1. JUDGMENTS AND DECREES—*court cannot set aside final decree at a subsequent term.* A decree registering title after a full hearing of the cause is a final decree, and after the adjournment of the term the court loses jurisdiction of the cause, and has no power, at a subsequent term, to vacate or set aside the decree except as to matters of form or for clerical errors or misprisions of the clerk in writing up the decree.

2. SAME—*when decree registering title is not without jurisdiction.* Where a petition to register title avers that the petitioner owns the premises in fee and the defendant admits, in writing, the averments of the petition, the court has jurisdiction to determine the question of title, and if it finds the averments of the petition are true and decrees that the title in fee be registered in the petitioner the decree is binding though erroneous, and it can not be set aside at a subsequent term on a cross-petition by the defendant.

APPEAL from the Circuit Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding.

GEORGE J. GILBERT, for appellant.

GEORGE W. WILBUR, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

The appellant, Lillie B. Mooney, on April 14, 1911, filed her application in the circuit court of Cook county, to the May term, to register in her the title in fee to lot 25, in block 3, in Brown's addition to Chicago, making the appellee, Charles A. Valentynovicz, together with others, a party defendant, and averring that he was in possession of said premises as her tenant. To this application Valentynovicz filed his consent in writing that said premises be registered in Lillie B. Mooney, as prayed for. The application was referred to an examiner of titles, who took the proofs and reported to the court his findings. The examiner reported that Lillie B. Mooney was the owner in fee of said premises and that Charles A. Valentynovicz was in possession of said premises, occupying the same as the tenant of Lillie B. Mooney. At the May term the court entered a final decree on said application, in which, among other things, it was found that Lillie B. Mooney was the owner in fee of said premises and that Charles A. Valentynovicz was in possession of said premises as her tenant, and that he had filed his consent in writing that the title to said premises be registered in her in fee. The court entered a decree that said premises be brought under the provisions of the act for the registration of titles and that the title to the said premises be confirmed in fee in Lillie B. Mooney and duly registered and that a certificate of registration issue to her. At the October term, 1911, four terms after the final decree had been entered in said proceeding, Valentynovicz appeared and asked leave that he be permitted to file a cross-petition in said proceeding, and upon leave being granted he filed a cross-petition, in which he averred he was the owner of said premises in fee, and

asked that the final decree theretofore entered in said cause be vacated and set aside, that the certificate of title theretofore directed to issue to Lillie B. Mooney be canceled and set aside, and that the cross-petitioner be permitted to establish his title to said premises. To that petition Lillie B. Mooney filed a demurrer, on the ground, among others, that the court was without jurisdiction to vacate and set aside at the October term the final decree entered at the May term of said court. At the December term, 1911, the court overruled the demurrer, and, Lillie B. Mooney having stood by her demurrer, a decree was entered setting aside the decree entered at the May term and canceling the certificate of registration theretofore ordered to issue to her, and she has prosecuted an appeal to this court.

The main contention made by the appellant in this court is, that a final decree was entered in her favor at the May term establishing title in her to said premises and ordering that the same be registered, and that the circuit court was without jurisdiction at a subsequent term to vacate and set aside said decree and cancel and annul the certificate of registration theretofore issued to her. The decree entered at the May term of said court was a final decree and was entered upon a full hearing of the cause, and upon the adjournment of the court for the May term the court which rendered said decree lost jurisdiction of the cause and the right at a subsequent term to vacate and set aside said decree, except in matters of form or for mere clerical errors or misprisions of the clerk in writing up the decree. *Tosetti Brewing Co.* v. *Koehler,* 200 Ill. 369; *Gray* v. *Ames,* 220 id. 251.

It is said, however, it appears from the cross-petition that Lillie B. Mooney was not the owner of the premises sought to be registered and for that reason the circuit court did not have jurisdiction to enter the decree entered at the May term, and as the circuit court was without jurisdiction to enter that decree it was void, and might be

attacked, by cross-petition or otherwise, at a subsequent term of the court to that at which it was entered. The original application averred that Lillie B. Mooney was the owner of said premises in fee and the appellee admitted in writing that averment of the petition to be true. The circuit court, at the time it entered the decree, in May, had jurisdiction to determine whether Lillie B. Mooney was the owner of said premises in fee, and it having found she was the owner of said premises in fee and based its decree upon that finding, the finding became conclusive and could not be impeached in the same proceeding at a subsequent term of that court. In considering the power of a court to set aside a final decree entered at a subsequent term, this court, in *Tosetti Brewing Co.* v. *Koehler, supra,* on page 373, said: "A decree regularly entered cannot be altered or amended after the term has elapsed, except for the correction of matters of form or clerical errors. * * * The proper method of impeaching and setting aside a decree after the term is to file an original bill in the nature of a bill of review, when such decree may be set aside, reversed or modified, according to the equities of the parties.—*Adamski* v. *Wieczorek,* 170 Ill. 373." The decree entered at the May term was a valid and binding decree and conclusive as to the rights of the parties. Upon the entry of that decree the power of the court over the cause was exhausted. The first decree entered by the circuit court is in full force and was not amended, annulled, canceled or set aside by the subsequent decree of the court, and that decree is conclusive of the rights of the parties.

The decree of the circuit court entered at the December term will be reversed and the cause will be remanded to that court, with directions to sustain the demurrer to the cross-petition. *Reversed and remanded, with directions.*