## Grace B. Guggenheim, Plaintiff in Error, v. William Guggenheim, Defendant in Error.

### Gen. No. 17,147.

DIVORCE, § 59a*—*when court without jurisdiction to vacate.* Where a decree of divorce is final, not void on its face but regular and valid, the court has no jurisdiction to vacate or set it aside after the term at which it was entered.

Error to the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding. Heard in this court at the March term, 1911. Affirmed. Opinion filed October 13, 1914.

CHARLES J. TRAINOR, for plaintiff in error; JOHN J. LORDAN, of counsel.

JACOB NEWMAN and CHESTER E. CLEVELAND, *Amici Curiae.*

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This writ of error is sued out to reverse an order of the Circuit Court of Cook county entered December 17, 1909, denying the motion of the plaintiff in error, made on that date, for leave to file a certain petition (theretofore on November 19, 1909, first tendered and exhibited to the court) of Grace B. Guggenheim, praying that an order might be entered in a cause entitled *Grace B. Guggenheim v. William Guggenheim,* begun by the said petitioner as complainant in the Circuit Court of Cook county February 16, 1901, for a divorce, revoking the decree of divorce entered in said cause on March 20, 1901, declaring it to be a nullity and expunging it from the records of the court.

If we felt ourselves at liberty to enter into the merits of the cause or thought that the court below should have done so, reference to the matters recited in the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

opinion filed contemporaneously with this in the appeal of *Grace B. Guggenheim v. William Guggenheim,* number 19,316 in this court, *ante,* p. 146, would be necessary. They are not, however, material in this cause. The decree of divorce of February 16, 1901, was a final decree. It was not void on its face, but regular and valid, and the Circuit Court had no jurisdiction to vacate or set it aside after the expiration of the term at which it was entered. The court had lost jurisdiction of the case.

In *Ernst Tosetti Brewing Co. v. Koehler,* 200 Ill. 369, the court said in a case where fraud in the procurement of a decree was alleged: "The proper method of impeaching and setting aside a decree after the term is to file an original bill in the nature of a bill of review, when such decree may be set aside, reversed or modified, according to the equities of the parties." This is the course the plaintiff in error here subsequently followed, but in which, she was defeated on general principles of equity jurisprudence. *Guggenheim v. Guggenheim,* No. 19,316, in this court, *ante,* p. 146, in *Goucher v. Patterson,* 94 Ill. 525, the Supreme Court said of an attempt to show of a judgment of record that it was not even rendered by a court: "After the adjournment of a term at which a judgment is rendered, its absolute verity cannot be overcome or even attacked by affidavit. * * * So far as it is shown by the record, a regular trial was had before the Circuit Court and a judgment in all respects formal rendered by the court. A judgment rendered in this manner cannot be impeached by *ex parte* affidavits presented in support of a motion to vacate, entered long after the term has closed at which the judgment was rendered."

In the present case the petition, which was sworn to and accompanied with certain affidavits of other persons as to the residence of the petitioner in February and March, 1901, was first presented to the court

after more than one hundred terms of the Circuit Court of Cook county had passed since the entry of the divorce decree.

The order of the Circuit Court is affirmed.

*Affirmed.*