# Harry H. Tobias, Plaintiff in Error, v. Alma C. Tobias, Defendant in Error.

## Gen. No. 5,762.

1.  APPEAL AND ERROR, § 1069*—*filing brief as joinder in error.*  The filing of briefs by a defendant in error will be treated as a joinder in error.

2.  APPEAL AND ERROR, § 1069*—*effect of joinder in error.*  A joinder in error is equivalent to a demurrer to assignments of error, and raises a question of law whether there are such errors in the record as the assignments allege.

3.  APPEAL AND ERROR, § 1145*—*when filing of plea prevents filing of brief on merits.*  As a demurrer and plea cannot be entertained simultaneously on a writ of error, the filing of a plea prevents the filing at the same time of a brief on the merits from operating as a joinder in error.

4.  EQUITY, § 539*—*vacating decree after term of rendition.*  A court cannot vacate a final decree on motion after the adjournment of the term at which it was rendered.

5.  EQUITY, §· 554*—*nature and scope of bill of review.*  The purpose of a bill of review, a bill in the nature of a bill of review, and of a bill to impeach a decree for fraud, is to secure the examination of a proceeding after the power of the court to vacate a decree has ended by the expiration of the term in which it was rendered.

6.  EQUITY, § 561*—*denial of motion to vacate decree as bar to bill of review.*  Since a court cannot vacate a decree after the expiration of the term in which it was rendered, the denial of such a motion made more than two years after the rendition of a decree does not preclude the subsequent filing of a bill of review.

7.  APPEAL AND ERROR, § 1145*—*when denial of motion to vacate decree bar to prosecution of writ of error on bill of review.*  Whether the denial of a motion to vacate a decree is a bar to a subsequent proceeding in the nature of a bill of review, is a defense thereto,

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

and is not available as a bar to a writ of error prosecuted on the dismissal of such bill.

8. APPEAL AND ERROR, § 1145*—*when plea in bar of insanity of plaintiff in error not sufficient.* A plea in bar of a writ of error of the insanity of the plaintiff in error, and the appointment of a conservator before the bringing of an action by the plaintiff in error, *held* deficient for failure to show that the proceedings for the appointment of the conservator were binding on the plaintiff in error, or that the court had jurisdiction to make the order therefor.

9. INSANE PERSONS, § 76*—*sufficiency of plea of insanity.* The incapacity of a person to do an act requiring the exercise of reason and judgment is not sufficiently alleged by pleading a previous adjudication of insanity and the appointment of a conservator.

10. APPEAL AND ERROR, § 1145*—*when insanity of plaintiff in error bar to writ of error.* The insanity of a party to an action should be set up therein as a defense, and not pleaded in bar of the prosecution of a writ of error by him.

11. APPEAL AND ERROR, § 1783*—*when overruling of plea in bar amounts to confession of error.* Where pleas in bar of a writ of error are held bad on demurrer, or not sustained by the proof, they amount to a confession of the errors assigned, and the judgment below will be reversed without considering whether the errors alleged were justly assigned.

12. APPEAL AND ERROR, § 1125*—*plea in bar of writ of error as precluding joinder in error.* Since the pleas here filed were not pleas of release of errors, they are not within section 109 of the Practice Act (J. & A. ¶ 8646), providing that the failure to sustain a plea of release of errors shall not deprive the defendant of the right to join in error.

13. APPEAL AND ERROR, § 1071*—*joinder in error after overruling plea in bar.* A joinder in error will not be permitted after the overruling of a plea in bar to a writ of error.

Error to the Circuit Court of Peoria county; the Hon. LESLIE D. PUTERBAUGH and Hon. N. E. WORTHINGTON, Judges, presiding. Heard in this court at the October term, 1913. Reversed and remanded. Opinion filed October 13, 1914. Rehearing denied April 8, 1915.

O. A. SMITH, for plaintiff in error.

SHEEN & GALBRAITH, for defendant in error.

MR. JUSTICE DIBELL delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Harry H. Tobias filed a bill in the court below against Alma C. Tobias to vacate a decree of divorce which Alma C. Tobias had theretofore obtained against Harry H. Tobias in the same court. The bill was not a bill of review, for it did not set out in full the bill for divorce and the decree of divorce, nor the record in the cause. The grounds on which it was sought to vacate the decree were that Mrs. Tobias was not a resident of Peoria county when she filed said bill for divorce and therefore the court acquired no jurisdiction of said suit, and also that the testimony upon which the decree was obtained was untrue and known to Mrs. Tobias to be untrue. This therefore was a bill in the nature of a bill of review and a bill to impeach the decree for fraud. A demurrer to the bill in the suit to vacate the decree was overruled, and Mrs. Tobias answered. Tobias filed five exceptions to said answer, two of which were sustained and the rest were overruled. The cause was referred to the master to take and report the proofs and his conclusions. He reported the proofs and his conclusions that Mrs. Tobias was not a resident of Peoria county when she brought that suit and obtained that decree, and that therefore the decree of divorce should be vacated. The court sustained exceptions filed by Mrs. Tobias to said report and entered a decree dismissing the bill to vacate the former decree. Tobias perfected an appeal from said decree. Thereafter, at a later term, the court entered an order upon him to pay his wife fifty dollars for costs and solicitor's fees in this court. Later, Tobias abandoned said appeal. Thereafter, Tobias sued out this writ of error to review the said proceedings in the said suit brought to vacate the decree of divorce, and assigned errors upon the record. Mrs. Tobias obtained leave to file and filed an additional record, and Tobias moved to strike it from the files, and that motion was taken with the case. Mrs. Tobias filed two pleas. Tobias demurred thereto.

Mrs. Tobias moved to carry the demurrer to the pleas back to the writ of error. The demurrer and said motion were taken with the case.

Although there was no formal joinder in error, the filing of briefs by a defendant in error has been treated as the equivalent of a joinder in error. *Ferrias v. People,* 71 Ill. App. 559. Section 108 of the Practice Act (J. & A. ¶ 8645) would also require us to treat the case as if there had been a joinder in error, if the pleas had not been filed. Defendant in error filed briefs, arguing the case upon the merits, but on the same day she also filed said two pleas. A joinder in error is equivalent to a demurrer to the assignments of error, and raises a question of law whether there are such errors in the record as the assignments of error allege. *Austin v. Bainter,* 40 Ill. 82; *Farwell v. Sturges,* 165 Ill. 252; *Cass v. Duncan,* 260 Ill. 228. As demurrers and pleas cannot be entertained at the same time, the filing of the pleas prevented the filing of a brief upon the merits at the same time from operating as a joinder in error.

The first plea sought to bar the writ of error by reason of the alleged fact that more than two years after the decree of divorce was entered, Tobias obtained an order redocketing the said cause in the Circuit Court, and entered his motion to set aside and vacate the decree therein upon the same grounds upon which his bill in the present cause is based, and that said motion was heard and denied, and that this constituted an adjudication between the same parties on the same subject-matter complained of in the present bill of complaint, and therefore plaintiff in error ought not to maintain the present action. This plea is bad for several reasons. The power of a court to vacate upon mere motion a final decree which it has entered, is lost with the adjournment of the term at which such decree was rendered. *Ernst Tosetti Brewing Co. v. Koehler,* 200 Ill. 369; *Mooney v. Valentynovicz,*

255 Ill. 118. If this motion had been interposed at the term at which the decree was rendered, the court would have had jurisdiction to hear and determine the matter; but that power over the decree ended when the term adjourned without such motion being interposed. The reason for entertaining bills of review, bills in the nature of a bill of review and bills to impeach a decree for fraud, is because after the term in which the decree was rendered such action cannot be had upon mere motion. As the court had no jurisdiction to vacate the decree under that motion, its refusal to grant the motion could not bar this subsequent bill which gave the court jurisdiction to decide that matter. Again, this plea does not show that Mrs. Tobias was notified of the making and pendency of said motion, nor does it show that she appeared and submitted to the jurisdiction of the court. The plea does not, therefore, show that the denial of the motion was or could be an adjudication of the matters now before the court. Again, it is only by most casual reference that it can be said that the plea shows that said motion was in the divorce case brought by Alma C. Tobias against Harry H. Tobias. Moreover, if said proceedings upon said motion were binding upon Mrs. Tobias, they were had some months before the present bill was filed to vacate the decree of divorce, and if any defense at all, they were a defense to the present suit in the court below, and should have been set up there, and were waived by not presenting them in the court below, and are not available to bar this writ of error.

The second plea alleged that at the time of the filing of the present bill of complaint and of the proceedings and the decree therein, Harry H. Tobias was shown by the record to be an insane person under the conservatorship of one Pemberton by virtue of a judgment rendered in the County Court of Mason county, Illinois, in a certain proceeding brought therein against

Harry H. Tobias, wherein and whereby he was declared insane and unfit to manage his own affairs, and Pemberton was appointed his conservator and thereafter qualified and acted as such conservator during the whole proceedings shown by this record. This plea is defective in various respects. It does not show that the County Court of Mason county ever obtained jurisdiction of the person of said Harry H. Tobias, nor does it show anything by which it can be ascertained that said proceedings in said County Court are binding upon him or that said County Court ever had jurisdiction of him. Again, it shows nothing that would bar the right to bring the suit to vacate the decree or bar the right to a writ of error; but only shows, if anything, that the proceedings should have been so amended as to make the conservator a party complainant therein. The plea does not allege that Harry H. Tobias was ever insane, and it does not allege that if he had ever been insane he was not restored to reason and to capacity to attend to his own affairs before he filed this bill to vacate the decree; nor does it show but that ever since he filed said bill he has been sane and competent to manage his own affairs. We do not think it sufficient as a matter of pleading to charge that a person was adjudged insane and a conservator appointed prior to the doing of some act requiring reason and judgment, because it always happens that if an insane person does, in fact, become restored to sanity, he is so restored some time before the conservator is discharged and before the person formerly insane is restored to the legal control of his property by an order of court; and if he becomes sane, the fact that he does not immediately procure the discharge of his conservator ought not to affect the validity of his acts after he has become sane. Again, the matter in this plea attempted to be set up, if it were sufficient, should have been set up at the institution of the suit to vacate the decree, so as

to have given an opportunity to bring in the conservator, or to obtain an order discharging him; and it was, in fact, set up and was one of the features of the answer to which exception was sustained; and on this subject, the only question which can here be raised at the present time is whether the court ruled correctly in sustaining the exception to that part of the answer. It follows that the demurrer must be sustained to each of the pleas.

Where pleas in bar are filed to a writ of error and said pleas are not sustained, either because found bad in law upon demurrer or because not sustained by the proofs upon trial, they amount to a confession of the error assigned, and that judgment or decree from which the writ of error is prosecuted must be reversed regardless of whether the errors assigned do, in fact, appear upon the record, and the court which finds said pleas insufficient will not consider whether the errors are justly assigned or not. *Austin v. Bainter, supra; Clapp v. Reid,* 40 Ill. 121; *Ruckman v. Alwood,* 44 Ill. 183; *Holt v. Rees,* 46 Ill. 181; *Thornton v. Houtze,* 91 Ill. 199; *Page v. People ex rel. Weber,* 99 Ill. 418; *International Bank of Chicago v. Jenkins,* 104 Ill. 143; *Mahony v. Mahony,* 139 Ill. 14; *Beardsley v. Smith,* 139 Ill. 290; *Martin v. Highway Com'rs Scotland Tp.,* 150 Ill. 158; *Schaeffer v. Ardery,* 238 Ill. 557; *Peterson v. Manhattan Life Ins. Co.,* 244 Ill. 329; *George v. George,* 250 Ill. 251. Section 109 of the Practice Act of 1907 (J. & A. ¶ 8646) provides that a plea of release of errors, adjudged had or not sustained, shall not deprive the defendant of the right to join in error. *Schaeffer v. Ardery, supra; Cass v. Duncan, supra; Lott v. Davis,* 262 Ill. 148. These pleas were not of a release of errors and are not within the provisions of that statute.

We may regret that we have not a discretion to permit a joinder in error after any pleas in bar to a writ of error are overruled, if we think the ends of

justice would be best served thereby, but when the legislature adopted said section 109 of the Practice Act it knew that the rule above stated had often been declared inflexible by our Supreme Court, and by limiting said section to a plea of release of errors, it shows an intention to permit the established rule to stand as to all other pleas. As the errors assigned have been confessed by the filing of these pleas, we must reverse the decree of the court below. We deny the motion to strike the additional record from the files. We sustain the demurrers to the plea and reverse the decree and remand the cause.

*Decree reversed and remanded.*

This case was considered and decided at the October term, 1913. MR. PRESIDING JUSTICE WHITNEY, to whom the case was then assigned to write an opinion, was taken ill, and died on July 18, 1914, without having prepared an opinion, and the case was afterwards reassigned.