**Merritt O. Hoover, Defendant in Error, v. Viola Hoover Regner and Harry Regner, Plaintiffs in Error.**

### Gen. No. 31,168.

1. JUDGMENTS—*when defendant defaulted for want of pleading must move to set decree aside.* Under Cahill's St. ch. 22, ¶¶ 16, 17, giving right to *pro confesso* decree on defendant's failure to plead, and right to such defendant to move for vacation of decree on cause shown, at next term, "next term" means the next term after the entry of final decree and not of the order for default.

2. JUDGMENTS—*when showing sufficient to give chancellor discretionary power to vacate pro confesso decree and permit filing of answer.* Under Cahill's St. ch. 22, ¶ 17, where a defendant at the next term after a final decree of default tenders sworn answer to the bill and offers to pay preceding costs and makes prima facie showing of cause to vacate the decree, it is within the discretion of the court to vacate the decree and permit defendant to answer and be heard on the merits.

Error by defendants to the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in the second division of this court for the first district at the October term,

1925.  Reversed and remanded with directions.  Opinion filed December 21, 1926.

Bennison F. Bartel, for plaintiffs in error.

Earl J. Walker, for defendant in error.

Mr. Presiding Justice Gridley delivered the opinion of the court.

This writ of error was sued out from the Supreme Court, and, at the February term, 1926, the court ordered the cause transferred to this Appellate Court (320 Ill. 368).

After reviewing the record, briefs of counsel and the opinion of the Supreme Court, we think that the only question now to be determined is whether the superior court erred in denying the motion of defendants (plaintiffs in error) to vacate a default order (entered against them on January 18, 1924) and to set aside a *pro confesso* decree (entered against them on January 22, 1924) and to give them leave to file their answers as tendered (which motion was made during the *next* term of court following that in which the decree was entered), upon the *sole* ground that the court was "without jurisdiction" to set aside the decree—the term at which it was entered having passed before the motion was made.  The theory on which the writ of error was sued out of the Supreme Court was that a freehold was involved, but the court, in its opinion (p. 370), said:

"The only question involved on this writ of error is *one of procedure*.  The chancellor refused to pass on the merits of the motion to set aside the decree but denied the motion on the ground that he had no jurisdiction to decide it.  This writ of error, therefore, presents no question giving this court jurisdiction, and the cause will be transferred to the Appellate Court for the First District."

In determining the question, consideration should be given to the provisions of sections 16 and 17 of the present Chancery Act, passed in 1872, particularly section 17. They are as follows (Cahill's St. 1925, ch. 22, ¶¶ 16, 17):

"§ 16. Every defendant who shall be summoned, served with a copy of the bill or petition, or notified as required in this Act, shall be held to except, demur, plead or answer on the return day of the summons; or if the summons is not served ten days before the first day of the term at which it is returnable, by the first day of the next term; or in case of service by copy of the bill, or by notice, at the expiration of the time required to be given, or within such further time as may be granted by the court; or, in default thereof, the bill may be taken as confessed."

"§ 17. If the defendant shall appear at the *next* term and offer to file his answer to the bill, the court may permit him to do so, upon his *showing sufficient cause,* and *paying the costs* of the preceding terms. In such case the *decree shall be vacated* and the cause may be proceeded in as in other cases."

The present transcript discloses that complainant filed his bill on September 21, 1923, against Viola Hoover Regner, his daughter, Harry Regner, her husband, and the Security Bank of Chicago, seeking to compel the conveyance or assignment to him of three parcels of Chicago real estate held in the name of his daughter, and also to compel the transfer to him of moneys on deposit in the bank in certain accounts in the daughter's name. Personal service was had upon all the defendants more than 10 days before the return day of the summons—the first day of the November term, 1923. The bank appeared and filed an answer, alleging that, since the filing of the bill, complainant and his daughter had joined in withdrawing from the bank all moneys in the accounts, and subsequently the bill was dismissed as to it. On January

18, 1924, neither Mrs. Regner nor her husband having appeared, an order defaulting them was entered, and on January 22, 1924, four days later, the *pro confesso* decree was entered.

In the decree the court, after reciting the prior proceedings and that testimony had been taken in support of the bill, found that complainant was the equitable owner of the three parcels, which Mrs. Regner held in trust for him, and that he was entitled to their transfer; that he was, and had been for many years, a practicing physician; that his daughter was married to Harry Regner in June, 1923, and for many years prior thereto she had attended to complainant's accounts and business affairs; that in December, 1919, he obtained a contract for a warranty deed for one of the parcels, and, for his convenience, the contract was taken in her name; that in July, 1919, and in October, 1921, he purchased the other parcels, including a drug store on one of them, and the deeds likewise were taken in her name; that he paid the consideration for the parcels out of his own funds, and at the times of the transfers she agreed, when requested, to reconvey or reassign the parcels to him; and that, although requested, she has since refused to do so. The court decreed that the defendants, within five days, convey or assign all three parcels to complainant, and, in case of their failure, that the master in chancery make the conveyances, etc.

On February 25, 1924, during the "next" term following that in which defendants' default was taken and said *pro confesso* decree entered, they filed what they characterized as their special and limited appearance for the sole purpose of quashing the summons. On March 1, 1924 (still within said *next* term), they presented their written motion, after due notice, "to set aside and vacate the default heretofore entered on January 18, 1924, and also the decree *pro confesso* heretofore entered on January 22, 1924, * * *

and for leave to file answers herein, and in support of
said motion present the sworn petition of Viola M.
Regner, together with her sworn answer and the an-
swer of Harry Regner; and in furtherance of said
motion said defendants agree to pay all the costs as
required of them by statute and comply with such
other orders as the court may direct." We think it
apparent from the language of the motion that de-
fendants had in mind the provisions of section 17 of
the Chancery Act [Cahill's St. ch. 22, ¶ 17], and that
Mrs. Regner's petition accompanying the motion, to-
gether with her sworn answer then tendered, might be
considered as disclosing prima facie "sufficient cause"
for the allowance of the motion.

In her sworn petition Mrs. Regner alleged that it
was not until February 21, 1924, that either she or
her husband had any knowledge of the entry of the
default order or the *pro confesso* decree, when she
was so informed by complainant, and was further in-
formed that the master, on January 31, 1924, had ex-
ecuted and delivered to complainant, the deeds or
assignments to the three parcels. She further alleged
that, immediately after the service of the summons
upon her in September, 1923, she inquired of com-
plainant the reason for the suit, and he told her it
was because of her marriage to Harry Regner, but
further said that "he was sorry he had started the
suit and that he had ordered it dismissed." She set
forth in considerable detail a number of other con-
versations had with complainant in the months of Oc-
tober, November and December, 1923, and in January,
1924, while she was still working for him in his office,
wherein he stated, falsely and fraudulently, that the
suit had been dismissed and that she need not pay any
further attention to it, or to the summons. She further
alleged that she believed these statements and relied
upon them, and did not, because of them, employ an
attorney to investigate the suit until immediately after

February 21, 1924. She charged that the *pro confesso* decree had been obtained by complainant's fraud, and on that account it should be vacated, etc.

Mrs. Regner's sworn answer also appears in the transcript. It sets forth in detail when and how she became the owner (as she claimed) of the three parcels, including the drug store on one of them, which, after October 15, 1921, she personally had conducted. The gist of the answer is that all three parcels had been purchased with her own money; that she never had held them in trust for complainant and never had promised to convey them to him and he never had requested such conveyance of her, and that he had no equitable interest in any of them, or in the drug store.

On the same day (March 1, 1924) the court granted leave to defendants to file the motion and Mrs. Regner's petition, and continued the hearing, and further ordered that complainant's objections to the jurisdiction of the court to enter the order granting such leave be overruled.

After a hearing the court, on April 4, 1924, entered a draft order denying the motion, but allowed Mrs. Regner's answer, as so tendered, to be filed "for the *sole* purpose of incorporating the same in the record on appeal." Mrs. Regner prayed and was allowed an appeal to the Supreme Court but the transcript does not disclose that she perfected it. After setting forth the prior proceedings relative to the motion the court found:

"That upon the record in said cause that it is *without jurisdiction* to vacate said decree, under and by virtue of the provisions of Section 17 of Chapter 22 of Smith-Hurd Revised Statutes of Illinois, 1923, as the January term, 1924, had expired on February 3, 1924, and the said Motion and Petition to vacate the default and set aside the said final decree was not made or filed until March 1, 1924, which was in the

February term, 1924, and *therefore* denies the motion to set aside the default and vacate said final decree.''

The above and foregoing is in substance all that is contained in the present record. *Outside* of the record we are informed by Mr. Hoover's counsel that Mrs. Regner (not having perfected her appeal from the court's denial of the motion to set aside the default order and decree) filed in the superior court, on October 31, 1924, an original bill, in the nature of a bill of review, to impeach the decree upon the ground of Mr. Hoover's alleged fraud in procuring it; that after a hearing upon the bill of review the superior court dismissed it for want of equity; and that, upon Mrs. Regner's appeal, the Supreme Court affirmed that decree. (*Regner v. Hoover,* 318 Ill. 169; opinion filed June 18, 1925.) Inasmuch as Hoover's counsel here argues in his brief that, ''as the Regners have already had the judgment of the trial court and of the Supreme Court on the merits of this issue, it does not seem equitable to ask another opportunity to retry the same alleged facts,'' we shall refer to the Supreme Court's opinion. The court states (p. 170) that relief is sought by the bill of review upon two grounds, (a) error apparent on the face of the record and (b) fraud in procuring the decree; and that ''the error alleged was, that relief was granted in the decree that was not warranted by the allegations of the bill or prayed in the prayer thereof.'' The court then says:

''Considerable space in the briefs is devoted to the merits of the cause under the original bill. Such questions have no place in the consideration of this cause. The question here is whether the original cause ought to be opened to trial on its merits. * * * An attack on a decree by a bill of review is collateral. The question is not whether the facts found in the decree under review are in accordance with the pleading and evidence but is one of law. A bill of review cannot be made to function as an appeal or writ of error.

(*Harrigan v. County of Peoria*, 262 Ill. 36.) Remedy for error in the final decree is by appeal or writ of error." After a discussion of the evidence heard under the bill of review, the court further says (p. 173):

"It is evident that the proof does not sustain the charge that the appellant (Mrs. Regner) was prevented from presenting her case by reason of representations on the part of the appellee (Mr. Hoover). The clear weight of the testimony is that she knew that the suit was pending. In order to grant relief under a bill of this character on account of fraud, it must show that the complainant was prevented from interposing a defense by fraud and without negligence or fault upon her part.  *  *  *  The court did not err in finding that the charge of fraud was not sustained." In reference to the contention that relief should be granted by bill of review because the pleadings did not justify the decree, the court further said (p. 174): "It is evident that the court had jurisdiction of the parties and of the subject matter, and where this is so its decree will not be set aside in a proceeding of this character on the allegation that it is not sustained by the pleadings. That is a question which can be reviewed by appeal or writ of error. Errors which present *questions of procedure* and *not jurisdiction,* and do not reach the matter of the right of the court to hear and decide a cause, go only to the question of the *correctness* of the court's decision and are not open on a bill of review." (Citing *Vyverberg v. Vyverberg,* 310 Ill. 599, 603.)

From the above opinion it appears that the question, whether the *pro confesso* decree was procured by fraud, was decided in the bill of review cause adversely to the Regners, but that the question, whether the allegations of Mr. Hoover's bill sufficiently sustained said decree, was not decided. And we think it also appears from said opinion that the question presented

under the present writ of error, as herein first abovementioned, was not decided.

Sections 16 and 17 of the present Chancery Act [Cahill's St. ch. 22, ¶¶ 16, 17] are found in somewhat different language (except as to section 17) in section 18 of the Statutes of 1845 (Chap. XXI, Stat. 1845, p. 95), which is as follows:

"Sec. 18. Every defendant who shall be summoned according to the provisions of this chapter shall file his exceptions, plea, demurrer, or answer to the bill at the time to which the process or summons shall be returnable; if he fail to do so, the bill may be taken for confessed; but for good cause shown, the court may extend the time for excepting or pleading, and the court may thereupon enter *an interlocutory decree,* which may be made absolute at the next term, and carried into effect as other final decrees. If the defendant shall appear at the *next* term and offer to file his answer to the bill, the court may permit him to do so, upon his *showing sufficient cause,* and *paying the costs* of the preceding terms; in such case, the *decree shall be vacated,* and the cause may be proceeded in as in other cases."

It will be noticed that the last sentence of this section is identical with section 17 of the present act, and that section 16 of the present act is similar to the first sentence of said section 18, except that in section 16 the provision as regards an *interlocutory* decree is omitted. Sections 16 and 17, in the language as at present, appeared in the Act of 1872. (Hurd's Stat. 1874, p. 200.)

Section 18 of the Act of 1845, as well as a similar section in the Act of 1833, and sections 16 and 17 of the Act of 1872, have from time to time been considered by our Supreme Court.

In *Smith v. Brittenham,* 88 Ill. 291, a bill was filed in the circuit court of De Witt county, in 1874, when sections 16 and 17 as at present were in force. The

complainant, Mrs. Brittenham, charged in her bill that in 1869 she made a conveyance of certain lands to the defendant, Smith, that certain alleged frauds had been practiced on her by Smith in inducing her to make the deed; and that the fraud had but recently been discovered. Service of summons was had on Smith more than 10 days prior to the September term, 1874, and he was ruled to answer the bill at that term, but, apparently, the cause was continued. At the ensuing December term, he not having appeared, his default was entered and it was ordered that the bill be taken as confessed against him. At the December term, 1876, the cause was referred to a master to take testimony and state an account of the rents of the lands. Notice was given to Smith of the hearing before the master but he refused to attend. And it appears that when the default order was entered against him he stated that he did not intend to defend the suit; that when the hearing was in progress before the master he persisted in his refusal not to make any defense, and that he had actual notice of every step that was taken in the case. The report of the master was filed and, during said December term, 1876, the report was approved by the court and a *final* decree entered, granting relief to complainant substantially as prayed for in her bill. At the March term, 1877, Smith, after giving due notice, entered his motion to have the decree vacated and for leave to answer the bill. He offered to pay the costs and tendered his answer, supported by affidavits. After a hearing the court overruled his motion and he appealed to the Supreme Court. In the opinion (p. 293) it is said:

"It is not perceived how the appeal, in this case, can bring before this court anything but the decision of the circuit court overruling the motion of defendant to vacate the decree in the cause, and for leave to answer to the merits of complainant's bill." (The court then quotes said section 17.) "Whether this pro-

vision of the statute has reference to decrees ordering a bill to be taken for confessed, or to final decrees, admits of some doubt. If the former is meant, the motion made to vacate and for leave to answer, in this case came too late. More than two years had elapsed after the decree ordering the bill to be taken as confessed against defendant, before any motion was made to vacate the decree in this cause. But if it applies as well to final decrees, then the motion was properly made at the next succeeding term of court after the final decree was entered in the cause. Setting aside decrees under this section of the chancery act, has been the subject of incidental discussion in numerous cases in this court, and in every instance, so far as we have observed, the matter has been treated as being within that sound legal discretion with which circuit courts are clothed, that will not be reviewed in an appellate court, *unless* there has been *such abuse* as may work palpable injustice. The very terms employed in the statute give sanction to this construction. It is said, the 'court may permit' defendant to file his answer to the bill against him 'upon his showing sufficient cause.' Leave is not given as a matter of right, but for what the court, in the exercise of a sound legal discretion, shall deem 'sufficient cause,' such defendant may be permitted to open the decree against him, on presenting his answer to the bill, and defend as to the merits of the cause, but not otherwise." (Citing cases.)

"No reason whatever is shown for vacating the decree in this cause, and permitting defendant to come in at this late date, file his answer, and make that defense on the merits which he deliberately elected not to do when the cause was pending and undetermined in the circuit court."

In the case of *Grubb v. Crane*, 4 Scam. (Ill.) 153 (cited in the *Brittenham* case, *supra*), the proceedings were had in the Sangamon circuit court in 1841, when

Hoover v. Regner, 242 Ill. App. 532.

the Chancery Act of 1833 was in force, section 8 of which being practically identical with section 18 of the Act of 1845. (Gale's St., published in 1839, p. 141.) Crane's original bill against Grubb prayed for the sale of certain lands in satisfaction of a judgment previously obtained by the former. Personal service was had upon Grubb, and at the return term of the summons, he not having appeared, the bill was taken *pro confesso,* and *at the same term* a final decree was entered against him in accordance with the prayer of the bill. At the *next* term he appeared and moved that he be allowed to file an answer to the bill, etc., which motion the court overruled. He then filed a bill of review and Crane's demurrer thereto was sustained and the bill of review was dismissed, to reverse which action Grubb sued out a writ of error from the Supreme Court. He assigned various errors which are discussed in the opinion. One was that the trial court erred in taking the original bill *pro confesso* and entering a final decree, both *at the same term* at which the summons was returnable, and another was that the court erred in denying his motion to be allowed to file his answer, etc., which was made at the *next* term after said final decree on the original bill. In discussing these two claimed errors, and deciding them adversely to Grubb's contentions, the Supreme Court, after setting forth the provisions of the *first* clause of section 8 of said Act of 1833, and of section 9 thereof (which is practically identical with section 18 of our *present* Chancery Act) said (p. 155): "Under the provisions of the statute, the practice has prevailed, to a very considerable extent, of taking bills *pro confesso,* and rendering a final decree at the return term. This practice has been found convenient and conducive to the ends of justice, and we would be unwilling to reverse a decree entered in pursuance of it, unless the letter of the statute were so clear and explicit as to render such reversal imperative. If in-

justice should be done to the defendant by entering a decree at the first term, the latter clause of the 8th section *provides the most ample remedy.* It provides that if the defendant shall appear at the next term, and offer to file his answer to the bill, the Court may permit him to do so, upon his showing sufficient cause, and paying the cost, of the preceding terms; in such case, the decree shall be vacated, and the cause may be proceeded in as in other cases.

"The record shows that the defendant did appear at the next term, and offer to file his answer, which was refused by the Court, and such refusal is also assigned for error.

"In such a case, the Court will never vacate a decree, and permit an answer to be filed, without first looking into the answer or affidavit, *or both,* and ascertaining *whether there was a substantial and meritorious defense to the bill.* In this case, the answer, if even presented to the Court, does not appear in the record, and the affidavit contains no facts showing a good defense upon the merits."

It is to be noticed that in the opinions of the *Brittenham* and *Grubb* cases, while the motions of the parties, made at the *next* term after the *pro confesso* decrees were entered against them, were finally denied and said decrees were not vacated, there is no intimation that the trial courts were *without jurisdiction* to vacate said decrees because the terms at which they were entered had passed when the motions were made. On the contrary, it clearly appears that the motions were finally denied *solely* because "sufficient cause" for the vacation of the decrees was not shown.

In *Collins v. Crotty,* 65 Ill. 545, a case arising prior to the passage of the Chancery Act of 1872, it appears from the reported statement of the case preceding the opinion that Crotty filed his bill in La Salle county against certain defendants, of which Ann Collins was one, to quiet title to a tract of land, etc. After an-

swering the bill Ann Collins filed a cross-bill, claiming an equitable title and praying for a conveyance from Crotty. At the term subsequent to the filing of the cross-bill, Crotty not having answered it, it was taken for confessed and a decree entered dismissing the original bill, and, among other things, requiring him to convey his title to Ann Collins, or in default thereof that the master in chancery make the conveyance. Crotty then filed *another* bill, returnable to the next term, praying for leave to answer the cross-bill and to vacate the decree, and for an injunction in the meantime, and setting forth the reasons why he was unable to answer the cross-bill, *which was held sufficient cause.* Ann Collins demurred to said other bill, her demurrer was overruled and she abided by it, and the decree under her cross-bill *was vacated.* In the opinion of the court it is said (p. 546):

"The bill, to which the demurrer was overruled, can not properly be characterized as a bill of review. The prayer for an injunction was necessary, to prevent the execution of a deed under the decree upon the cross-bill, until the court determined as to the vacation of the decree.

"The purpose of the bill, evidently, was to obtain relief, under section 18 of the chancery code (Rev. Stat. 1845, 95).

*"That section should not be construed as applicable only to causes in which an interlocutory decree has been entered.* * * * The last clause of the section is general in its language and application, that the court may, upon offer and a showing of sufficient cause, at the second term permit an answer and vacate the decree. If the interlocutory decree be entered, the defendant then has until some time in vacation or until the next term, according to the order, to file an answer, without any further permission of the court. In such case, the court exercises its discretion at the return term. The latter clause of the section can have

no application to such circumstances, for it provides that the court may grant permission *to file an answer at the second term*.

"The plain reading of the section is that, at the first term, if the bill be not taken for confessed, the court may exercise a discretion and extend the time for answer, and enter the interlocutory decree; and if the bill be taken for confessed, permission may be given to answer at the subsequent term.

"This case is within the last clause of the section. There was sufficient cause shown to induce the exercise of the discretion of the court, and the decree is affirmed."

In the present cause, in view of the motion of the defendants (plaintiffs in error), made at the next term of the court after the final decree *pro confesso* was entered, and of the allegations of Mrs. Regner's sworn petition, and of the allegations of her then tendered sworn answer disclosing prima facie a meritorious defense to complainant's bill, and of sections 16 and 17 of the present Chancery Act [Cahill's St. ch. 22, ¶¶ 16, 17] and the above-mentioned decisions of our Supreme Court discussing them, we are of the opinion that the superior court erred in denying said motion to vacate the decree and give defendants leave to file their answers, upon the *sole* ground that the court was without jurisdiction to decide it because the term of the court, at which the decree had been entered, had passed when defendants' motion was made. We think that the court, because of the provisions of said section 17, should have considered the motion, Mrs. Regner's sworn petition, and her sworn answer to complainant's bill, and should have determined, in the exercise of that sound legal discretion with which the court is clothed, whether "sufficient cause," prima facie, had been shown for the granting of the motion, defendants having offered to pay all the accrued costs as required by the statute. The court, in denying the

motion upon the sole ground as above stated, evidently had in mind numerous decisions of the courts of review in this State, to the effect that, after the term at which a final decree is entered has elapsed, the court is without power to vacate or amend such decree, or to change or modify it except in matters of form or mere clerical errors. Many of these decisions are in cases where the decree was entered after the defendant had appeared and answered and after a full hearing upon the merits, as in *Tosetti Brewing Co. v. Koehler*, 200 Ill. 369, 372, and *Mooney v. Valentynovicz*, 255 Ill. 118, 120. In the *Tosetti Brewing Co.* case it is said: "No error of law of any kind will justify revising or annulling a decree at a subsequent term in a summary way on a motion, but relief against it must be obtained by appeal or writ of error if the error is apparent on the face of the record, and if not, by bill of review or bill to impeach the decree for fraud or other sufficient cause." In view of the provisions of said section 17, and of the above-mentioned decisions discussing it, we are of the opinion that where, at the next term after a *final* decree *pro confesso* has been entered, the defendant against whom it is entered appears, tenders his sworn answer to the bill, offers to pay the costs of the preceding terms, and makes a prima facie showing of sufficient cause for the vacation of such decree, the court has power and jurisdiction to exercise its discretion and vacate such decree, and also the previously entered default order, and permit such defendant to file an answer to the bill and thereafter hear the cause upon its merits. Section 16 [Cahill's St. ch. 22, ¶ 16] of the statute gives authority to the court to enter a default order against a defendant, who has not appeared within the required time after having been served or notified in the manner mentioned. Section 17, as we construe it, has reference to a *final* decree *pro confesso*, entered either at the same term at which said default order is

entered or at a subsequent term and *based* upon said order, and the section gives such defendant the right to appear at the next term following that in which *such decree* is entered and move for its vacation, upon offering to comply with the provisions of the section and showing "sufficient cause."

Accordingly, the order or decree of the superior court, entered April 4, 1924, denying defendants' motion to vacate said *pro confesso* decree, entered January 22, 1924, and for leave to file their answers to complainant's bill, upon the *sole* ground that the court had no jurisdiction to decide the motion, is reversed, and the cause is remanded with directions to the court to consider and decide the motion upon its merits.

*Reversed and remanded with directions.*

FITCH and BARNES, JJ., concur.