## Ida Lou Sim, Appellant, v. Allan Sim, Appellee.

## Gen. No. 32,086.

1. DIVORCE—*power to vacate decree of divorce at subsequent term.* A court is without power at a term subsequent to the one at which a decree of divorce was regularly entered to vacate or modify, on motion or petition, the decree except as to matters of form or clerical errors, and except where a decree is void for want of jurisdiction in the court entering the same.

2. DIVORCE—*validity of decree as affecting right to vacate at subsequent term.* The fact that a woman, alleging in her bill for divorce her lawful marriage to the defendant, had a living husband at the time of the alleged marriage does not render a decree of divorce void for want of jurisdiction so that the court can vacate the decree at a subsequent term.

3. DIVORCE—*proper remedy at subsequent term for decree of divorce procured by fraud.* If a man, the defendant in a bill for divorce alleging the lawful marriage of the complainant to the defendant, becomes aware, at a term subsequent to the one at which a decree of divorce was entered, that the complainant had a living husband at the time of the alleged marriage, the proper remedy is to present such fact to the court by a bill of review, either by a bill to impeach the decree for fraud or to review the decree on account of newly-discovered evidence.

Appeal by plaintiff from the Superior Court of Cook county; the Hon. JOSEPH B. DAVID, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1927. Reversed and remanded with directions. Opinion filed January 30, 1928. Rehearing denied February 11, 1928.

SCHNACKENBERG & HANSEN, for appellant; ELMER J. SCHNACKENBERG, of counsel.

SMIETANKA, RICKARD & POULTON, for appellee; JOHN J. POULTON and JAMES R. BRYANT, of counsel.

MR. JUSTICE MCSURELY delivered the opinion of the court.

Complainant by this appeal seeks to reverse an order of the chancellor vacating and setting aside a

decree of divorce, with orders for alimony and solici-
tors' fees, entered at a prior term of the superior court.

May 13, 1926, complainant's bill was filed, which
among other things alleged that June 26, 1919, she
was lawfully married to the defendant in Chicago;
that they lived together as husband and wife until
February 25, 1926; that two children were born of this
marriage. The grounds presented for divorce were
extreme and repeated cruelty. Summons was served
on the defendant, who did not appear but permitted
a decree to be entered by default. July 7, 1926, Honor-
able Joseph Sabath, one of the judges of the superior
court, heard evidence and found the facts as alleged in
the bill, awarding complainant a divorce with alimony.
This decree was signed and entered of record July 19,
1926, which was at the July term, 1926, of the superior
court.

One year thereafter, in July, 1927, complainant filed
a petition alleging that there was $180 arrears in ali-
mony, and defendant was ordered to show cause why
he should not be held in contempt for failure to obey
the decree of the court. July 16, 1927, the defendant
filed a verified petition which asserted that at the time
of his alleged marriage with the complainant, to wit,
June 26, 1919, complainant was then legally married to
one Arthur Williams, who was still living and from
whom complainant was never divorced. Defendant
asserted that he did not know of said prior marriage
until long after the entry of the decree against him,
and alleged that by means thereof complainant fraudu-
lently imposed on the court and procured the decree
of the court. He asked that the decree theretofore en-
tered be vacated and set aside. The petition came on
for hearing July 29, 1927, before Honorable Joseph B.
David, another of the judges of the superior court, who
required the parties to introduce testimony. Com-
plainant objected and moved the court to dismiss the

defendant's petition for want of jurisdiction, which objection was overruled. After the hearing of evidence complainant's solicitor again moved to dismiss the defendant's petition for want of jurisdiction and, secondly, for want of equity. These motions were denied, as was also the motion that the defendant be adjudged in contempt of court for failure to pay alimony. The court thereupon proceeded to enter an order on August 2, 1927, reciting that the sworn testimony heard in open court showed that "at the time of the marriage in question the complainant had a husband living, who is still living"; that the complainant's marriage to defendant was void; that these facts were known to the complainant at the time she testified in her divorce proceeding, and that the defendant knew or should have known this fact, and hence a fraud was committed on the court which entered the decree. It was therefore ordered and decreed that the decree of divorce "heretofore entered in this cause" be set aside and held for naught and that all orders for alimony and solicitors' fees be vacated and that complainant's bill of complaint be dismissed for want of equity.

The chancellor who entered the order of August 2, 1927, was clearly without jurisdiction to enter the same. It is hardly necessary to cite decisions holding that, if the term of court at which a decree is regularly entered has elapsed, the court is without power at a subsequent term, on motion or petition, to vacate or modify said decree in any manner except as to matters of form or clerical errors and except where a decree is void for want of jurisdiction in the court entering the same. *Ernst Tosetti Brewing Co. v. Koehler,* 200 Ill. 369; *Tobias v. Tobias,* 193 Ill. App. 95; *Bushnell v. Cooper,* 289 Ill. 260; *Herrick v. Herrick,* 319 Ill. 146; *Guggenheim v. Guggenheim,* 189 Ill. App. 151; *Guggenheim v. Guggenheim,* 189 Ill. App. 146; *Hazard v.*

*Hazard,* 205 Ill. App. 562. The rule is clearly stated in *Guggenheim v. Guggenheim,* 189 Ill. App. 151:

"The decree of divorce   *   *   *   was a final decree. It was not void on its face, but regular and valid, and the Circuit Court had no jurisdiction to vacate or set it aside after the expiration of the term at which it was entered. The court had lost jurisdiction of the case.

"In *Ernst Tosetti Brewing Co. v. Koehler,* 200 Ill. 369, the court said in a case where fraud in the procurement of a decree was alleged: 'The proper method of impeaching and setting aside a decree after the term is to file an original bill in the nature of a bill of review, when such decree may be set aside, reversed or modified, according to the equities of the parties.' "

The defendant says there is an exception to this rule when a judgment is void because the court had no jurisdiction; that this exception includes a suit for divorce where at the time of the alleged marriage one of the parties had a living spouse not divorced; that such pretended marriage being void, the court had no jurisdiction to enter a decree of divorce. The exception which permits a court to vacate a prior order contemplates a case where the court had no jurisdiction of the subject matter or of the parties. In the instant case the court had jurisdiction both of the parties and of the subject matter. As was said in *Miller v. Rowan,* 251 Ill. 344:

"Jurisdiction of the subject matter is the power to adjudge concerning the general question involved, and if a bill states a case belonging to a general class over which the authority of the court extends, the jurisdiction attaches and no error committed by the court can render the judgment void.   *   *   *   If there is a total want of jurisdiction in a court its proceedings are an absolute nullity and confer no right and afford no protection but will be pronounced void when collaterally drawn in question."

Complainant in her bill alleged her lawful marriage to the defendant. This was an allegation of essential fact which it was incumbent to establish by proof to entitle the complainant to relief. If subsequently the defendant became aware of the facts which, if known to the court would have produced a different decree, the proper method after the term to present such facts is by a bill of review, either by a bill to impeach the decree for fraud or to review the decree on account of newly-discovered evidence. *Bushnell v. Cooper, supra.* Defendant did not pursue the proper remedy.

We hold that the chancellor was wholly without jurisdiction to enter the order of August 2, 1927, vacating the prior decree. It is therefore reversed and the cause remanded with directions to enter an order adjudging the defendant in contempt for refusal to pay the alimony due under the final decree.

*Reversed and remanded with directions.*

MATCHETT, P. J., and O'CONNOR, J., concur.