(No. 16946.—Cause transferred.)
MERRITT O. HOOVER, Defendant in Error, *vs.* VIOLA HOOVER REGNER *et al.* Plaintiffs in Error.

*Opinion filed February 18, 1926—Rehearing denied April 8, 1926.*

APPEALS AND ERRORS—*when Supreme Court will not take jurisdiction.* Where parties have entered their special appearance and filed a motion to set aside a decree *pro confesso* entered at a prior term, and the chancellor denies the motion on the ground that he is without jurisdiction and refuses to pass on the merits of the motion, only a question of procedure is involved and the Supreme Court will not take jurisdiction.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding.

BENNISON F. BARTEL, for plaintiffs in error.

EARL J. WALKER, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

The defendant in error filed a bill in the superior court of Cook county against Viola Regner, his daughter, Harry Regner, her husband, and the Security Bank of Chicago, seeking to compel the conveyance of certain real estate and funds. The real estate was held in the name of the daughter and the funds were deposited to her account in the bank.

Personal service was had on all the defendants on September 21 and 22, 1923. An order of default was entered in the cause on January 18, 1924, as to Viola and Harry Regner, and on January 22, 1924, a decree *pro confesso* was entered against them. The bank answered that since the filing of the bill the complainant and his daughter had joined in withdrawing the account from the bank, and the case was dismissed as to it. The decree *pro confesso* finds the equities with the complainant, and that Viola Regner received three certain parcels of property under an agreement with the complainant to transfer them to him, or to anyone he desired, at any time and directs that the defendants so convey, and in default of their so doing in five days that the master in chancery make such conveyance. On February 25, 1924, at the term of the superior court following the one in which the decree was entered, the defendants filed what they characterized as their special and limited appearance for the purpose of quashing the summons, and at that time filed a notice to that effect. An affidavit of service shows it to have been served on the complainant on February 23. On March 1, 1924, which was during the February term of the court, a motion was filed to vacate the decree *pro confesso,* to set aside the default and for leave to file the answer of the defendants to the original bill, offering in said motion to pay all costs which were required of them by the statute. In this petition it is set out that Viola Regner did not have knowledge of the default entered against her until after the January, 1924, term had expired, and that she was led to believe by the conduct of the complainant, who is her father, that the bill against her would not be prosecuted to a decree and that it was unnecessary for her to pay any attention to the matter, as nothing would be done about it. The defendants also tendered their answers to the original bill, alleging that the property belonged to Viola Regner and not to the complainant. The chancellor denied the petition to set

320—24

aside the decree and default and for leave to answer and entered the following order: "This cause again having come on to be heard upon the motion and petition of Viola M. Regner heretofore filed in said cause by leave of court on March 1, 1924, to vacate the final decree entered herein January 22, 1924, and for leave to file the answer of Viola M. Regner tendered with her said motion and petition, as provided in section 17 of chapter 22, Smith-Hurd Revised Statutes of Illinois, 1923, and the complainant having appeared specially for the sole purpose of objecting to the jurisdiction of the court on said notice, motion or petition to set aside and vacate the said default and final decree as heretofore entered January 22, at the January term, 1924, and the court being advised in the premises and having heard arguments of counsel in support of and against said motion, the court finds that upon the record in said cause that it is without jurisdiction to vacate said decree under and by virtue of the provisions of section 17 of chapter 22 of Smith-Hurd Revised Statutes of Illinois, 1923, as the January term, 1924, had expired on February 3, 1924, and the said motion and petition to vacate the default and set aside said final decree was not made or filed until March 1, 1924, which was in the February term, 1924, and therefore denies the motion to set aside the default and vacate said final decree and to permit Viola M. Regner to file her answer herein."

The only question involved on this writ of error is one of procedure. The chancellor refused to pass on the merits of the motion to set aside the decree but denied the motion on the ground that he had no jurisdiction to decide it. This writ of error, therefore, presents no question giving this court jurisdiction, and the cause will be transferred to the Appellate Court for the First District.

*Cause transferred.*