(No. 21903.— )

THE PEOPLE *ex rel.* Oscar Nelson, Auditor of Public Accounts, *vs.* THE CHICAGO LAWN STATE BANK.—(CONSTITUTION INDEMNITY COMPANY OF PHILADELPHIA, Appellant, *vs.* JOSEPH B. McDONOUGH, County Collector, *et al.* Appellees.)

*Opinion filed June 16, 1933.*

KING, BARNES & GOLDBERG, for appellant.

THOMAS D. NASH, (MARTIN J. McNALLY, of counsel,) for appellee the county collector; KIRKLAND, FLEMING, GREEN & MARTIN, (WILLIAM H. SYMMES, ADRIAN L. HOOVER, and DUDLEY F. JESSOPP, of counsel,) for appellee Irwin T. Gilruth, receiver.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

This is an appeal from an order of the superior court of Cook county sustaining the demurrers of appellees, Joseph B. McDonough, county collector of Cook county, and Irwin T. Gilruth, receiver of the Chicago Lawn State Bank, a corporation, to a petition of appellant, the Constitution

Indemnity Company of Philadelphia, to be made a party defendant to a petition and amended petition filed by the county collector in the proceedings in said court for the liquidation of the Chicago Lawn State Bank and dismissing the petition of appellant.

In the proceedings in the superior court of Cook county for the liquidation of the Chicago Lawn State Bank the county collector of Cook county on July 31, 1931, filed a petition alleging that when the bank was closed there was on deposit with it to his credit $206,347.06, which was money collected as taxes of 1929 that had not been distributed to the various taxing bodies entitled thereto, and praying for the allowance of his claim for that amount as a preferred claim against the funds of the bank that passed into the hands of the receiver of the bank. To this petition the receiver filed an answer denying that the claim was entitled to preference. On October 31, 1931, appellant filed in said proceedings its petition, in which it alleged that it had become surety on a bond for $100,000 given to protect the county collector against failure of the bank to discharge its duties as depositary of moneys deposited by the county collector in the bank; that after the bond had been executed the county collector deposited in the bank $100,-000 collected as taxes, which was undistributed to the taxing bodies entitled thereto and was on deposit in the bank at the time it closed; that by reason of its obligation on the bond appellant had paid the county collector $100,000 and interest amounting to $1240, and that appellant was entitled to be subrogated to the rights of the county collector to the assets of the bank that passed into the hands of the receiver, to the extent of $101,240. The prayer of the petition was that appellant's claim for $101,240 be allowed as a preferred claim against the assets of the bank that passed to the receiver. The receiver filed an answer to this petition denying that appellant had any claim against the assets of the bank, and that such claim, if any should

be allowed, was entitled to preference. Thereafter, on June 2, 1932, the county collector by leave of court filed an amended petition setting forth his claim for $206,347.06 and asking that it be allowed as a first, prior and preferred claim and lien on all funds, property and assets of the bank, prior and superior to all claims of any nature, including those for trust funds, and that the receiver be directed to pay it forthwith. To this amended petition the receiver filed an answer and denied that the county collector was entitled to any preference or priority. On February 2, 1933, there having been no hearing or adjudication on the petition of appellant above referred to and no final order entered on the amended petition of the county collector, appellant filed its intervening petition, setting up its claim to be subrogated to the rights of the county collector and praying that it might become a party defendant to the original and amended petitions of the county collector and be permitted to file its answers to the petitions and be heard as a party defendant thereto. Separate demurrers to this intervening petition were filed by the county collector and the receiver. These demurrers were sustained and the intervening petition of appellant was dismissed. The present appeal is from the order sustaining the demurrers and dismissing appellant's intervening petition.

It is suggested by the appellant that this court has jurisdiction of this appeal because the case is one relating to the revenue and in which the State is interested. From the statement of the case it is apparent that the question presented by this appeal does not involve any right of the county collector to a preference over general creditors of the bank and does not involve the right of appellant to be subrogated to the rights of the county collector to the assets of the bank. At the time the order appealed from was entered, appellant's petition to be subrogated to the rights of the county collector to the assets of the bank to the extent of its claim was pending and there had been no ad-

judication thereon, and there had also been no adjudication on the petition and amended petition of the county collector for the allowance of his claim as a preferred claim. The question presented is purely one of procedure, and though it arose in a controversy in which the State is interested, the question presented by the appeal does not involve the revenue and is not one in which the State is interested, as a party or otherwise, within the meaning of section 118 of the Practice act. Since the only question involved is one of procedure the appeal presents no question giving this court jurisdiction. *Hoover* v. *Regner,* 320 Ill. 368.

The cause will be transferred to the Appellate Court for the First District. *Cause transferred.*